## 72623. SMITH v. THE STATE.
### (349 SE2d 4)

CARLEY, Judge.

A jury found appellant guilty of driving under the influence of alcohol. She appeals from the judgment of conviction and sentence entered by the trial court on the jury's verdict.

1. Appellant contends that it was error for the trial court to admit evidence regarding the warnings that she received prior to her alleged refusal to submit to a breath test, while refusing also to admit evidence that the subsequent administrative hearing did not result in the suspension of her driver's license. This enumeration is controlled adversely to appellant by *Wyatt v. State*, 179 Ga. App. 327, 328 (1) (346 SE2d 387) (1986).

2. Among witnesses for the State was the intoximeter operator who had attempted to administer a breath test to appellant. Over appellant's objection, this witness was allowed to testify as to the operation of the intoximeter and his own qualifications to operate it. Since no test results were offered into evidence, appellant urges that this testimony was irrelevant and erroneously admitted.

Evidence of appellant's refusal to take a breath test was admissible. OCGA § 40-6-392 (c); *Wessels v. State*, 169 Ga. App. 246, 247 (2) (312 SE2d 361) (1983); *Wyatt v. State*, supra. Accordingly, the testimony of the intoximeter operator was relevant and necessary to establish that the test apparatus was available and functioning correctly and that appellant was afforded a legitimate opportunity to take the test. There was no error.

3. Appellant's arrest occurred after she was involved in an automobile collision. Ruling that they were inadmissible hearsay, the trial court refused to admit into evidence the medical reports of two doctors who had examined appellant after the collision. This ruling is enumerated as error.

Even assuming that the medical reports were not inadmissible hearsay, their exclusion from evidence was not harmful error since the two doctors who examined appellant testified in court as to their find-

ings and their testimony was essentially repetitious of anything contained in their reports. "Since the excluded evidence was merely cumulative, 'no harmful error is shown [regardless of whether] the reasoning of the court in sustaining the objection may have been erroneous. [Cits.]' [Cit.]" *Travelers Ins. Co. v. Trans State*, 172 Ga. App. 763, 765 (324 SE2d 585) (1984).

4. Appellant urges that she should be granted a new trial because of newly discovered evidence. Since appellant did not file a motion for new trial before initiating the instant appeal, the trial court has never heard or ruled on this issue. Appellant's remedy is to file an extraordinary motion for new trial in the trial court. This court will not consider an issue raised for the first time on appeal. *Hambrick v. State*, 175 Ga. App. 207 (332 SE2d 907) (1985).

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 4, 1986 —
REHEARING DENIED SEPTEMBER 17, 1986

*Donald W. Johnson*, for appellant.
*Jack O. Partain, District Attorney, Kermit N. McManus, Assistant District Attorney*, for appellee.