43993. BURTON v. THE STATE.
(353 SE2d 180)

HUNT, Justice.

A. W. Burton was convicted by a jury of the murder of his girl friend, Judy Caldwell, and sentenced to life imprisonment.[1] He ap-

---

[1] The killing occurred on October 7, 1984. The defendant was indicted on December 7, 1984, tried on March 25 and 26, 1985, and convicted and sentenced on March 26, 1985. His motion for a new trial was denied on October 7, 1986. His notice of appeal was filed on October 10, 1986, and docketed here on October 24, 1986. This appeal was submitted for our decision on December 5, 1986.

peals, enumerating as error the sufficiency of the evidence and the trial court's charge on intent.

The evidence, viewed in the light most favorable to the jury's verdict, showed that the defendant and victim dated for approximately eight months before the victim's death. At approximately 1:00 a.m. on October 7, 1984, the defendant drove the victim home to her apartment, after she had spent several days at the defendant's house. When the two reached the victim's apartment, the victim and the defendant got out of the car where they stood and argued for a short time. The victim was shot and then ran toward her apartment. Several persons who responded to the victim's cries testified at trial that the victim told them the defendant shot her. The victim was taken to the hospital where she died after telling a police officer that the defendant shot her. The medical examiner who performed an autopsy of the victim testified that the victim died as a result of a gunshot wound to the abdomen. The defendant admitted that he drove the victim home and let her out in the parking lot, but denied shooting her.

1. We find the above evidence sufficient to support the conviction under the standard established in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The defendant contends that the trial court's charge on intent was unconstitutionally burden-shifting under *Francis v. Franklin*, 471 U. S. ___ (105 SC 1965, 85 LE2d 344) (1985). The charge given included the mandatory but rebuttable presumption held improper under *Francis v. Franklin*, supra. However, the defendant did not except to the charge on intent in response to the trial court's inquiry and failed to reserve the right to later object. Accordingly, he waived the right to assert this error on appeal. *Cameron v. State*, 256 Ga. 218, 219 (2) (345 SE2d 575) (1986). Further, the defendant denied that he shot the victim and that he was present when the shooting occurred. As this defense did not put into issue criminal intent, the court's error in instruction was harmless. *Williams v. Kemp*, 255 Ga. 380, 388 (338 SE2d 669) (1986); *White v. State*, 255 Ga. 731, 732 (2c) (342 SE2d 304) (1986).

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 24, 1987.

*Drew R. Dubrin,* for appellant.

*Lewis R. Slaton, District Attorney, Carole E. Wall, Assistant District Attorney, Michael J. Bowers, Attorney General, Dennis R. Dunn, Assistant Attorney General,* for appellee.