44343. WILLIAMS v. THE STATE.
(357 SE2d 578)

GREGORY, Justice.

Ray Anthony Williams was convicted of the murder of Tyrone Brodnax and sentenced to life imprisonment.[1] The only issues raised on appeal relate to the alleged ineffectiveness of the defendant's trial counsel.

The evidence at trial showed that late in the evening of February 5, 1982, Greta Stevens hired the defendant to supervise her children while she went out. When the victim, who was the father of one of Stevens's children, discovered that the defendant had left the children alone in Stevens's apartment, he located the defendant at a neighbor's party. The two men exchanged blows and the defendant left the neighbor's home. The victim went to Stevens's apartment to care for the children. When Stevens returned home she and the victim went to the party, but did not stay but a few minutes. According to Stevens's testimony and the testimony of Luke Gadson, also an eyewitness to the crime, "the defendant approached the victim as he came out of the neighbor's house and ordered him to say [his] prayers." The defendant then shot the victim three times. Both wit-

---

[1] The crime occurred on February 6, 1982 and the defendant was arrested that same day. He was indicted on June 18, 1982 and convicted on November 19, 1982. An out-of-time appeal was granted January 13, 1987. The case was docketed in this court on February 10, 1987. We remanded the case to the trial court on April 22, 1987 for a hearing on ineffective assistance of counsel in accordance with *Smith v. State,* 255 Ga. 654 (341 SE2d 5) (1986). The trial court conducted a hearing and entered an order on May 14, 1987 finding the defendant had not been denied effective assistance of counsel.

nesses testified the victim was unarmed.

The defendant testified in his own behalf that he shot the victim only after the victim "came after" him with a gun. A defense witness testified that Stevens was with him at the time of the shooting and that Stevens did not observe the shooting.

1. While not raised as error on appeal, we have examined the evidence in the light most favorable to the verdict and conclude a rational trier of fact could have found the defendant guilty of malice murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The defendant maintains his trial counsel was ineffective as a matter of law in that he spent only one week preparing his case for trial. However, at the hearing on ineffective assistance conducted by the trial court in accordance with *Smith v. State*, 255 Ga. 654 (341 SE2d 5) (1986), trial counsel testified that in addition to "devoting the majority of [his] time" to the defendant's case during the week prior to trial, he had worked on this case during the month of February 1982 through September 1982.

To prove he has received ineffective assistance of counsel, "[t]he defendant must show both that counsel's performance was deficient and that this deficiency prejudiced the defense." *Brogdon v. State*, 255 Ga. 64, 67 (335 SE2d 383) (1985); *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). "Thus counsel's performance will not be found to be deficient if it falls within the range of 'reasonably effective assistance.' " *Brogdon*, supra at 68.

We hold the trial court correctly determined that the defendant has not shown his counsel failed to render "reasonably effective assistance" in his preparation for trial.

3. The defendant maintains his trial counsel was prevented from effectively assisting him by the trial court's denial of his motion for funds to hire an investigator. It is clear that trial counsel moved the court for such funds and no contention is made that counsel was deficient in this regard. At the hearing on ineffective assistance trial counsel testified he needed the funds to hire a black investigator who "might" be able to interview black witnesses who had been unwilling to talk to counsel. Trial counsel also testified, however, that he was later able to interview many of these witnesses prior to trial. Trial counsel maintained he needed an investigator because he "hoped that we could find someone, somewhere who would testify that this victim had a propensity for violence and on the occasion of this shooting had a weapon."

We find under these circumstances that the trial court did not abuse its discretion in denying the defendant's motion for funds for investigative assistance. *Baxter v. State*, 254 Ga. 538 (2) (331 SE2d 561) (1985). We further conclude that denial of these funds did not

prevent trial counsel from rendering reasonably effective assistance. *Brogdon*, supra.

4. Last, the defendant argues trial counsel was ineffective in failing to locate and interview Luke Gadson, an eyewitness to the crime, prior to trial. Trial counsel testified he was initially unable to locate Gadson because of misspelling of Gadson's name on the witness list. He was still unable to locate this witness when he was provided a corrected witness list a week before trial. When trial counsel brought this matter to the attention of the court on the first day of trial, the court granted a recess for the amount of time requested by counsel in order that an interview could be conducted. Trial counsel testified that during this interview Gadson had nothing more to tell him than the fact that Gadson saw the defendant shoot the victim. Nonetheless trial counsel was able to effectively cross-examine Gadson, as well as impeach Gadson's credibility through the testimony of other witnesses.

The trial court correctly found the defendant failed to show that any deficiency in trial counsel's failure to interview Gadson prior to trial prejudiced the defense of his case. *Brogdon*, supra at 67; *Strickland v. Washington*, supra.

*Judgment affirmed. All the Justices concur.*

DECIDED JULY 9, 1987 —
RECONSIDERATION DENIED JULY 29, 1987.

*George A. Zettler*, for appellant.
*Spencer Lawton, Jr., District Attorney, David T. Lock, Assistant District Attorney, Michael J. Bowers, Attorney General, Paula K. Smith, Assistant Attorney General*, for appellee.

