A90A1137. ALLSOP v. THE STATE.
(396 SE2d 47)

McMURRAY, Presiding Judge.

Defendant was indicted for burglary. His trial counsel filed a comprehensive motion for discovery which included a request for defendant's in-custody statements, any scientific reports to be used in evidence against defendant, a copy of the indictment, a list of the State's witnesses and a copy of the warrant issued against defendant. Defendant's trial counsel later filed a "NOTICE OF INTENT OF DEFENSE TO RAISE ISSUE OF INSANITY OR MENTAL INCOMPETENCE." As a consequence, the trial court ordered a psychiatric evaluation of defendant. Defendant was examined and it was determined that he was able to assist his attorney, that he was not suffering from any mental illness which would hinder him from knowing right from wrong and that he was not suffering from a delusional compulsion which would hinder him from acting in a right manner. The case was tried before a jury and the evidence revealed the following:

On November 2, 1988, at about 2:00 in the afternoon, Deputy J. C. Lawton of the Dougherty County Sheriff's Office observed defendant "knocking out a window . . ." of a business establishment with a

hammer. The deputy, who was then off-duty, thought that the building was being razed so he carried on without further investigation. About 10 minutes later, the deputy passed the scene and did not see defendant outside, but he did see the window and he noticed "a hole big enough for a person to get through in the glass." Deputy Lawton investigated and found defendant inside the business. The deputy identified himself as a law enforcement officer and defendant attempted to leave by walking away. Deputy Lawton apprehended defendant and notified a local law enforcement agency. It was later discovered that defendant had no authority to enter the business establishment.

Defendant was found guilty of burglary and an attorney, different from trial counsel, was then appointed to represent defendant "on a motion for a new trial, and if necessary, to appeal his trial proceedings." At a hearing on the motion for new trial, it was argued that trial counsel was ineffective because he did not "talk to [defendant] about the actual merits of the case except for the day before trial." Next, defendant complained that his pre-trial decision to terminate his trial counsel was not honored and that his acceptance of trial counsel upon the court's inquiry on the day of trial was unknowingly made because he was never advised that he could "reject [his trial attorney] at that time and obtain a new attorney." Thirdly, it was argued that defendant's trial counsel did not adequately advise defendant of the advantages and disadvantages of testifying at trial. More specifically, defendant complained that this trial attorney "scared him into not testifying by telling him that the District Attorney would tear him to pieces if he testified." Defendant then argued that his trial attorney should never have stipulated into evidence a psychiatric report which revealed defendant's mental competence. (Defendant took the stand and, on cross-examination, admitted that he knew the difference between right and wrong; that he knew "that burglary is against the law . . ."; that he was aware that it is illegal "to go into someone's building that doesn't belong to you . . .," but he explained that while intoxicated he did "things that [he] wouldn't regularly do." Defendant next complained of the absence of evidentiary objections at trial and he pointed out that "he was held in jail for . . . about fourteen months before trial"; that "he was not read his *Miranda* rights upon being arrested and [that he] never really was advised of his rights of what he should do." The trial court denied defendant's motion for new trial and this appeal followed. *Held*:

In five enumerations, defendant contends that the trial court erred in failing to find that he "was denied reasonably effective assistance of counsel. . . ." More specifically, defendant contends his trial counsel was ineffective because: (a) "the defense attorney consulted the defendant in detail about the substance of the case only for fif-

teen minutes [one] week before trial"; (b) defense counsel continued to represent defendant after defendant "terminated the defense attorney prior to trial and the case proceeded without the defense attorney privately consulting the defendant about alternatives"; (c) "defense counsel entered a Notice of Intent to Raise Issue of Insanity or Mental Incompetence prior to trial, did not present a defense at trial, and stipulated to the entry of a letter from a psychologist stating that the defendant did not suffer from mental illness during the trial"; (d) "defense counsel [failed] to have possible witnesses of the defendant interviewed and to have the case investigated"; and, (e) defense counsel failed to adequately advise defendant "on whether [he] should testify or otherwise present a defense to the case."

"The standard of review on the question of trial counsel's effectiveness is whether the conduct of counsel thwarted the adversary process to the point that the result of the trial could not be relied upon as being just. To meet this standard, the defendant must show 'a reasonable probability that but for counsel's unprofessional errors, the result of the proceedings would have been different.' *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984)." *Reese v. State*, 257 Ga. 624, 625 (2), 626 (361 SE2d 796).

In the case sub judice, defendant offered no evidence at the motion for new trial hearing contrary to the State's overwhelming evidence of guilt. Defendant merely testified that he gave his trial counsel the name of "three witnesses [who were near the scene of the crime and who] would have testified to [defendant's] mental state at the time of the crime." (The three witnesses were not called to testify at the motion for new trial hearing.) Further, defendant did not offer a defense at his motion for new trial hearing which could have in any way challenged the overwhelming evidence of his guilt. Defendant's sole defense of temporary insanity due to voluntary intoxication was fruitless. See OCGA § 16-3-4 (c). Under these circumstances, we cannot say that but for trial counsel's alleged unprofessional errors, the results of trial would have been different. However, this does not end our inquiry.

Defendant's contention that he terminated his trial counsel before trial is not supported by the record. The trial transcript shows that defendant accepted the services of his trial counsel before trial and without reservation.[1] Secondly, we find no evidence that defendant's trial counsel was not prepared. On the contrary, the trial tran-

---

[1] After a jury was empaneled but before they were sworn, the following transpired: "THE COURT: All right. Mr. Allsop, do you have any objections to [your appointed attorney] presenting your case for you and representing you in the trial of this case? THE DEFENDANT: No, sir. THE COURT: You don't? THE DEFENDANT: No, sir. THE COURT: No objection to him at all? THE DEFENDANT: No, sir."

script shows that defendant's trial counsel was fully aware of the circumstances surrounding defendant's case. He effectively cross-examined State's witnesses, bringing their view of events into a proper perspective, raising issue with testimony regarding the preservation of incriminating real evidence and injecting evidence through leading questions of defendant's sobriety at the time of defendant's arrest. Defendant's trial counsel made valid evidentiary objections and offered a series of requests to charge which were favorable to defendant's cause. Thirdly, we find no harm in defendant's trial counsel's stipulation of the psychiatric report into evidence as it was not contrary to defendant's temporary insanity due to voluntary intoxication defense. The report provided that defendant was "competent to assist his attorney . . .," that defendant "does not suffer from any mental illness which would hinder him from knowing right from wrong [and that defendant] does [not] suffer from [a] delusional compulsion which would hinder him from acting in a right manner." Finally, defendant's trial counsel's recommendation for defendant not to take the stand is tactical and will not be questioned. See *Hosch v. State*, 185 Ga. App. 71 (2), 72 (363 SE2d 258).

In conclusion, we find that defendant received adequate representation at trial and that the trial court did not err in denying defendant's motion for new trial.

*Judgment affirmed. Sognier, J., concurs. Carley, C. J., concurs in the judgment only.*

DECIDED JULY 3, 1990 —
REHEARING DENIED JULY 13, 1990.

*Neal Weinberg*, for appellant.
*Britt R. Priddy, District Attorney, John L. Tracy, Assistant District Attorney*, for appellee.