A90A0929. WALTHOUR v. THE STATE.
(397 SE2d 10)

COOPER, Judge.

Appellant was charged by indictment with the offenses of aggravated assault (Count I), burglary (Count II), and simple battery (Count III). The jury returned a guilty verdict on the burglary charge and a not guilty verdict on the simple battery charge. On the aggravated assault charge, the jury returned a verdict of the lesser included offense of simple assault. On appeal, appellant enumerates seven errors in the trial court's charge to the jury as well as the trial court's refusal to admit two documents into evidence.

1. In his first enumeration of error, appellant contends that the trial court erred in not admitting into evidence two crime lab reports showing the lack of similarity between items found at the scene of the crime and physical evidence taken from the person of appellant. Appellant called as a witness the director of a branch of the State Crime Laboratory, who testified that he compared the thread of a red jacket

allegedly worn by appellant during the crime with a red thread found at the scene and found that the threads were not identical and that his comparison of hairs that came from a cap left at the scene of the crime with hair from the head of appellant failed "to reveal sufficient similarities to conclude that they had a common origin." The witness further testified that the written reports he prepared and signed were kept by him in the ordinary course of his work in the crime lab. Even if the crime lab reports were admissible under the business records exception to the hearsay rule, "their exclusion from evidence was not harmful error since the [witness] who [prepared the reports] testified in court as to [his] findings and [his] testimony was essentially repetitious of anything contained in [his report]." *Smith v. State*, 180 Ga. App. 309 (3) (349 SE2d 4) (1986). " 'Since the excluded evidence was merely cumulative, "no harmful error is shown (regardless of whether) the reasoning of the court in sustaining the objection may have been erroneous." ' [Cits.]" *Smith v. State*, supra.

2. Appellant enumerates as error the giving of a charge on voluntary intoxication. Inasmuch as there was some evidence introduced at trial that appellant had been drinking and was acting like he was drunk, we find no error with the trial court's charge. " 'Where there is any evidence, however slight, upon a particular point, it is not error to charge the law in relation to that issue. (Cit.)' " *Shy v. State*, 190 Ga. App. 370 (5) (378 SE2d 920) (1989).

3. In his third, fourth, and seventh enumerations of error, appellant contends that the trial court erred in not charging the jury in the exact language he requested on the presumption of innocence, reasonable doubt, and criminal intent, respectively. "If the trial court gives a full and correct charge on an issue warranted by the evidence and covers the substance of what is requested, it is never error to decline to give the charge in the exact language requested. [Cits.]" *Mathis v. State*, 184 Ga. App. 455 (4) (361 SE2d 856) (1987). We have reviewed the charges given by the trial court on the specific points of law enumerated by appellant and find that the charges fairly and adequately covered the law in those areas.

4. Appellant's contention that the trial court should have given his "two theories" charge on circumstantial evidence is without merit. There was some direct evidence in the case that appellant committed the offenses with which he was charged. "[W]here there is direct evidence involved in the case, it is not error to refuse to charge on circumstantial evidence. [Cit.]" *Houston v. State*, 180 Ga. App. 267 (4) (349 SE2d 228) (1986).

5. Appellant's sixth and eighth enumerations of error are that the trial court erred in failing to charge that the law does not authorize the conviction of an accused upon mere suspicion of guilt and that mere illegal entry into the dwelling of another does not satisfy the

crime of burglary. The trial court instructed the jury that the State had the burden of proving appellant's guilt beyond a reasonable doubt; the trial court also instructed the jury that in order to convict appellant of burglary they must find an intent to commit theft. "Given that the trial court's charge covered the principles set forth in the requested charge, the court did not err by refusing to give appellant's charge." *Fowler v. State*, 188 Ga. App. 873 (1) (374 SE2d 805) (1988).

*Judgment affirmed. Banke, P. J., and Birdsong, J., concur.*

DECIDED SEPTEMBER 4, 1990.

*Neil L. Heimanson*, for appellant.

*Dupont K. Cheney, District Attorney, J. Thomas Durden, Jr., Assistant District Attorney*, for appellee.