A90A2042. LEE v. THE STATE.
(404 SE2d 598)

BANKE, Presiding Judge.

The appellant was found guilty of misdemeanor theft by taking and was sentenced to six months' incarceration. She brings this direct appeal from her conviction and sentence. *Held*:

1. The appellant contends that the evidence was insufficient to support the conviction because the state's case was based on the uncorroborated testimony of an alleged accomplice. However, " '[i]n numerous decisions our courts have held that corroboration of an accomplice is not necessary to sustain a misdemeanor conviction. (Cits.)' [Cit.]" *Dabney v. State*, 154 Ga. App. 355 (2) (268 SE2d 408) (1980). Consequently, this enumeration is without merit.

2. The appellant received a harsher sentence than did her accomplice, who had pled guilty to felony theft by taking; and during the sentencing, the trial court explained this discrepancy as follows: "[T]his defendant [referring to the appellant] was offered probation yesterday if she took the first step and admitted her guilt. She's not taken that step. Her co-defendant has admitted her guilt. . . ." The appellant contends that these comments demonstrate an intention to penalize her for exercising her right to jury trial, in violation of Uniform Superior Court Rule 33.6 (B), which provides as follows: "The judge should not impose upon a defendant any sentence in excess of that which would be justified by any of the rehabilitative, protective, deterrent or other purposes of the criminal law merely because the defendant has chosen to require the prosecution to prove his guilt at trial rather than to enter a plea of guilty or nolo contendere." The appellant's argument, however, ignores Section A of the rule, which provides in pertinent part, that "[i]t is proper for the judge to grant charge and sentence leniency to defendants who enter pleas of guilty or nolo contendere when the interests of the public in the effective administration of criminal justice are thereby served. Among the considerations which are appropriate in determining this question are: . . . (2) that the defendant has acknowledged guilt and shown a willingness to assume responsibility for conduct. . . ." As we interpret the judge's remarks, they reflect a permissible extension of leniency towards the co-defendant for taking a "first step toward rehabilitation," rather than an impermissible increase in the appellant's sentence for exercising her right to trial. Accord *Thompson v. State*, 154 Ga. App. 704 (5) (269 SE2d 474) (1980); *Sparks v. State*, 176 Ga. App. 8, 12 (3) (335 SE2d 298) (1985).

3. The appellant contends on appeal that she did not receive effective assistance of counsel during the trial. The appellant's trial counsel filed a notice of appeal on February 27, 1990, the same day the conviction and sentence were entered; and the appellant's current counsel did not begin representing her until approximately four months later. Under these circumstances, the appellant cannot be deemed to have waived this ground of appeal. See generally *Johnson v. State*, 259 Ga. 428 (3) (383 SE2d 115) (1989).

To establish ineffective assistance of counsel, " '(t)he defendant must show both that counsel's performance was deficient and that this deficiency prejudiced the defense.' [Cits.]" *Williams v. State*, 257 Ga. 311, 312 (2) (357 SE2d 578) (1987). The appellant argues that her trial counsel was ineffective both because he failed to conduct a "substantial investigation of alternative lines of defense" and because, by presenting a defense, he gave the state an "opportunity to rehabilitate its case via a rebuttal witness." The first of these somewhat contradictory assertions fails to establish ineffectiveness of counsel because the appellant has not suggested what alternative line of defense was available to her, and the second clearly has to do with a matter of trial tactics or strategy. "Trial strategy and tactics do not equate with ineffective assistance of counsel. Effectiveness is not judged by hindsight or by the result. Although another lawyer may have conducted the defense in a different manner and taken another course of action, the fact that defendant and his present counsel disagree with the decisions made by trial counsel does not require a finding that defendant's original representation was inadequate." *Hosch v. State*, 185 Ga. App. 71 (2), 72 (363 SE2d 258) (1987).

The appellant further complains that counsel failed to impeach the state's rebuttal witness through the use of a certified copy of the transcript of a prior hearing at which the witness had testified. However, the appellant has not suggested how the witness could have been impeached by this transcript. The appellant's final contention is that her trial counsel was ineffective due to his failure to present character witnesses on her behalf. We find that this contention, alone among those advanced by the appellant in support of this enumeration of error, cannot be rejected summarily. Accordingly, we remand the case to the trial court for an evidentiary hearing on this issue, following which, if the trial court determines that ineffectiveness of counsel has been demonstrated, the appellant shall be entitled to file another appeal directed to that issue and that issue alone.

*Judgment affirmed with direction. Birdsong, P. J., and Cooper, J., concur.*

DECIDED MARCH 4, 1991 —
REHEARING DENIED MARCH 25, 1991 — 

*Michael E. Bergin,* for appellant.
*Robert E. Keller, District Attorney, Tracy G. Gladden, Assistant District Attorney,* for appellee.