## A91A0028. SMARR v. THE STATE.
(405 SE2d 561)

COOPER, Judge.

Appellant was convicted by a jury of aggravated assault. He appeals his conviction and the denial of his motion for new trial.

Construed in a light most favorable to the verdict, the evidence adduced at trial shows the following: Early in the evening on May 24, 1989, Patricia Ann Stacey ("Stacey") drove appellant to an open area of a housing project where appellant unknowingly bought some fake cocaine from an individual known as "Miami." Stacey and appellant left the project but returned just a few minutes later, at which time appellant demanded that Miami give back appellant's money, claiming that he had been sold "soap" instead of the drug he thought he was buying. After Miami refused to give back his money, appellant and Stacey again left the project but came back a second time; this time appellant was carrying a gun. The victim, in the meantime, had taken Miami's place in the drug-selling area, and appellant and the victim began to argue. Appellant grabbed the victim by the collar, put the gun in the victim's mouth and shot the victim in the neck.

1. Appellant contends that the evidence was insufficient to support the conviction because the sole evidence against him was the uncorroborated testimony of his accomplice Stacey. OCGA § 24-4-8 provides: "The testimony of a single witness is generally sufficient to establish a fact. However, in certain cases, including . . . felony cases where the only witness is an accomplice, the testimony of a single witness is not sufficient." "[T]he rule that a felony conviction is not to be had on the uncorroborated testimony of an accomplice applies only when the accomplice is the *sole* witness upon whose testimony the state relies. [Cits.]" *McDaniel v. State*, 158 Ga. App. 320 (279 SE2d 762) (1981). In the instant case, Stacey testified at trial that she drove appellant to the project and witnessed the appellant buy drugs, argue with Miami and the victim and shoot the victim in the neck. Another witness for the State testified that she saw appellant buy drugs from Miami and argue with the victim, and a third witness for the State testified that he saw appellant argue with the victim, grab the victim by the collar, put the gun in the victim's mouth and shoot the victim in the neck. In addition, Stacey's cousin testified at trial as to several telephone conversations she had with the appellant the day after the incident in which appellant admitted to having shot the victim. We conclude, therefore, that there was sufficient corroborating testimony from the three other witnesses. Moreover, appellant's argument that the testimony of these three witnesses should be disregarded because their testimony was biased and/or inconsistent is without merit. "Determination of the witnesses' credibility is, of course, within the discretion of the trier of fact. [Cits.]" *Miasso v.*

*State*, 191 Ga. App. 222, 223 (381 SE2d 315) (1989). Based upon the evidence adduced at trial, any rational trier of fact could have found the appellant guilty of aggravated assault beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant enumerates as error the admission of the testimony of a State's witness describing the victim's medical condition, specifically her statements that the victim could not move his lower extremities and was hooked up to a life-support system. This testimony was offered into evidence after the court sustained an objection by appellant's counsel to the State's attempt to admit into evidence a photograph of the victim in the hospital. The transcript reveals that although counsel for the appellant objected to the line of questioning at the time he raised his objections to the admission of the photograph, counsel failed to object to the admission of the allegedly objectionable testimony at the time it was offered. " ' "In order to raise on appeal contentions concerning admissibility of evidence, 'the specific ground of objection must be made at the time the evidence is offered, and a failure to do so will be considered as a waiver. All evidence is admitted as a matter of course unless a valid ground of objection is interposed.' (Cits.)" ' [Cit.]" *McBurse v. State*, 182 Ga. App. 759 (3) (357 SE2d 144) (1987). See also *Merritt v. State*, 255 Ga. 459 (2) (339 SE2d 594) (1986). Thus, appellant's failure to object to the testimony resulted in a waiver of his right to object on appeal.

3. We find no merit in appellant's enumeration of error that the trial court erred in failing to give appellant's request to charge on reasonable doubt. " ' "[I]t is no longer necessary to give the exact language of requests to charge when the same principles are fairly given to the jury in the general charge of the court. (Cit.)" (Cit.)' [Cit.]" *Daniels v. State*, 184 Ga. App. 689 (2) (362 SE2d 775) (1987). " 'When the charge in the present case is taken as a whole, the jury was clearly informed of the correct applicable law as to what constitutes a reasonable doubt.' [Cits.]" *Cordova v. State*, 191 Ga. App. 297 (3) (381 SE2d 436) (1989). See also *Walthour v. State*, 196 Ga. App. 721 (5) (397 SE2d 10) (1990).

4. Finally, the appellant argues that the trial court erred in charging the jury as follows: "Aggravated assault is an intentional crime. In other words, it must involve either the specific intent or criminal negligence." While that portion of the charge on the necessary state of mind for aggravated assault was incorrect (see *Bowers v. State*, 177 Ga. App. 36 (1) (338 SE2d 457) (1985)), we find that a fair reading of the remainder of the court's charge emphasizing the special intent needed to prove aggravated assault adequately corrected the misstatement. "Considering the charge in its entirety, the elements were adequately explained to the jury with sufficient clarity so as not to mislead the jury. [Cits.]" *Walker v. State*, 193 Ga. App. 100 (1)

(386 SE2d 925) (1989). Moreover, the evidence establishes without conflict that aggravated assault occurred and the appellant simply denies being the one who committed it. "As this defense did not put into issue criminal intent, the court's error in instruction was harmless. [Cits.]" *Burton v. State*, 256 Ga. 690, 691 (2) (353 SE2d 180) (1987).

*Judgment affirmed. Birdsong, P. J., and Pope, J., concur.*

DECIDED APRIL 18, 1991.

John A. Pickens, for appellant.

Lewis R. Slaton, District Attorney, Joseph J. Drolet, Henry M. Newkirk, Richard E. Hicks, Assistant District Attorneys, for appellee.