A91A0994. STARR v. THE STATE.

(410 SE2d 180)

POPE, Judge.

Defendant Joe Starr was tried before a jury and convicted of armed robbery and subsequently sentenced to 12 years imprisonment. Starr appeals, enumerating two errors. We affirm.

1. "In state criminal trials, the Due Process Clause of the Fourteenth Amendment 'protects the accused against conviction except

upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged.' *In re Winship*, 397 U. S. 358, 364, 25 L Ed 2d 368, 90 S Ct 1068 (1970), [cits]." *Cage v. Louisiana*, 498 U. S. ___ (111 SC 328, 112 LE2d 339, 341) (1990) (per curiam). Defendant contends the trial court's charge on reasonable doubt lessened the burden of proof required under the reasonable doubt standard of *Winship* and thus violated the Due Process Clause of the Fourteenth Amendment. Specifically, defendant contends *Cage v. Louisiana*, supra, precludes the use of the term "moral certainty" in defining reasonable doubt.

In *Cage*, the trial court instructed the jury in pertinent part: "If you entertain a reasonable doubt as to any fact or element necessary to constitute the defendant's guilt, it is your duty to . . . return a verdict of not guilty. . . . This doubt, however, must be a reasonable one; that is one that is founded upon a real tangible substantial basis and not upon mere caprice and conjecture. *It must be such doubt as would give rise to a grave uncertainty*, raised in your mind by reasons of the unsatisfactory character of the evidence or lack thereof. A reasonable doubt is not a mere possible doubt. *It is an actual substantial doubt.* . . . What is required is not an absolute or mathematical certainty, but a *moral certainty*." 112 LE2d at 341-342.

The United States Supreme Court in its opinion stated: "[t]he charge did at one point instruct that to convict, guilt must be found beyond a reasonable doubt; but it then equated a reasonable doubt with a 'grave uncertainty' and an 'actual substantial doubt,' and stated that what was required was a 'moral certainty' that the defendant was guilty. It is plain to us that the words 'substantial' and 'grave,' as they are commonly understood, suggest a higher degree of doubt than is required for acquittal under the reasonable doubt standard. When those statements are then considered with the reference to 'moral certainty,' rather than evidentiary certainty, it becomes clear that a reasonable juror could have interpreted the instruction to allow a finding of guilt based on a degree of proof below that required by the Due Process Clause." Id. at 342.

In the case at bar, the charge by the trial court was substantially different than the charge in *Cage*. The charge here provided "[n]o person shall be convicted of any crime unless and until each element of the crime is proven beyond a reasonable doubt and to a moral and reasonable certainty." The jurors were not told that reasonable doubt must be such doubt as would give rise to "grave uncertainty," nor were they told that reasonable doubt is an "actual substantial doubt." Rather, the charge provided a reasonable doubt "is a doubt of a fair-minded, impartial juror honestly seeking the truth. It is a doubt based upon reason and common sense. It does not mean a vague or arbitrary notion, but it is a doubt for which a reason can be given

arising from a consideration of the evidence, the lack of evidence, a conflict in the evidence, or a combination of these. If after giving consideration to all the facts and circumstances in the case or a case or a charge, your minds are [wavering], unsettled, unsatisfied in so far as a particular count or a particular indictment is concerned, then that is a doubt of the law and you should acquit the defendant on that charge." Unlike the definition of reasonable doubt in the *Cage* charge, this definition does not suggest a higher degree of doubt than is required for acquittal under the reasonable doubt standard.

Moreover, *Cage*, supra, does not absolutely preclude the use of the term "moral certainty" in defining reasonable doubt. In *Cage*, it is clear that it was both the definition of reasonable doubt, which impermissibly equated reasonable doubt with a "grave uncertainty" and an "actual substantial doubt," coupled with the reference to "moral certainty" that invalidated the jury instruction. Id. Here, the instruction properly defined reasonable doubt, and we hold that the reference to "moral and reasonable certainty" does not, standing alone, lessen the burden of proof required for conviction in violation of the Due Process Clause.

2. Defendant also contends the trial court erred in charging the jury regarding flight of the accused. Defendant specifically argues that the rule in *Renner v. State*, 260 Ga. 515, 517-518 (3) (397 SE2d 683) (1990), should be applied in this instance.

In *Renner*, the Georgia Supreme Court ruled that it would be reversible error for a trial court to charge a jury on flight in any criminal case tried after January 10, 1991. Id. at 518, n. 2. Since this case was tried in June 1990, *Renner* does not apply, and this enumeration is without merit.

*Judgment affirmed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED SEPTEMBER 3, 1991.

*Mark V. Cloud, Kenneth D. Kondritzer*, for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Assistant District Attorney*, for appellee.