### A90A2279. NOLAND v. THE STATE.
(413 SE2d 509)

Judge Arnold Shulman.

The appellant was convicted of failing to stop at or return to the scene of an accident, driving under the influence of alcohol, and operating a motor vehicle after having been declared an habitual violator. In this appeal from the denial of his motion for new trial, he contends that he was denied effective assistance of counsel due, among other things, to the failure of his counsel to challenge the constitutionality of OCGA § 40-6-270 (b), which, as it existed at the time of the accident at issue in this case, made the failure to stop at or return to the scene of an accident a felony "[i]f such accident is the proximate cause of death or a serious injury as defined in Code Section 33-34-2. . . ." (The statute was amended by Ga. L. 1991, p. 1608, § 2.1, to delete the reference to OCGA § 33-34-2.) Because this contention appeared to us to draw into question the constitutionality of the statute, we transferred the case to the Georgia Supreme Court. However, by order dated April 4, 1991, that Court returned the case to us for the

stated reason that "the constitutionality of OCGA § 40-6-270 (b) was not directly presented to or decided by the trial court and is merely ancillary and hypothetical in the context of this appeal. . . ."

While working in a supermarket parking lot, a store clerk observed a pick-up truck strike a grocery cart in which an 11-month-old infant was seated, causing the child to be thrown to the pavement. Although the driver of the truck failed to stop, the clerk was able to observe him at close range and to note the license tag number of the vehicle, which proved to be registered to the appellant. Within an hour of the accident, the truck was located, with its engine idling and the appellant seated in the driver's seat in an apparent state of inebriation. He was arrested and brought to the police station, where the store clerk identified him as the driver of the truck involved in the hit-and-run accident. The appellant stipulated at trial that the child's "medical expenses in the . . . case total[led] $1,045.00," and that the child had "thereby incurred 'serious injury' according to OCGA § 40-6-270 (b) and OCGA § 33-34-2."

1. The appellant contends that his trial counsel should have challenged the constitutionality of the version of OCGA § 40-6-270 (b) under which he was convicted on the ground that, by permitting the offense of leaving the scene to be elevated to a felony based solely on the amount of medical expenses subsequently incurred by the victim, it violated due process requirements of definiteness and certainty. While this contention would appear on its face to have at least colorable merit, we are unable to address it, inasmuch as this court is without jurisdiction to adjudicate the constitutionality of a statute. See Ga. Const. of 1983, Art. VI, Sec. VI, Par. II (1).

2. The appellant further contends that his trial counsel rendered ineffective assistance by advising him to stipulate that the child had incurred a "serious injury" within the contemplation of the statute, by failing to present certain evidence in support of his defense that it was his brother rather than he who had been operating the truck at the time of the accident, and by failing to obtain a transcript of his preliminary hearing with which to impeach certain testimony offered by the investigating officer at trial to the effect that the store clerk who witnessed the accident had never told him (the officer) that the driver of the truck was wearing glasses. The appellant did not testify at trial. However, at the hearing on the motion for new trial, he maintained that he was so inebriated at the time of the accident that he could not say whether he was driving or not.

"To establish that there has been actual ineffective assistance of counsel, the defendant must show that counsel's performance was deficient and that the deficiency prejudiced the defense. In order to prove the defense has been prejudiced, defendant must show there is a reasonable probability that the result of the proceedings would have

been different but for counsel's unprofessional deficiencies." *Baggett v. State*, 257 Ga. 735 (363 SE2d 257) (1988). The appellant's trial counsel indicated at the hearing on the motion for new trial that his decision to advise the appellant to stipulate to the amount of medical expenses incurred by the victim was a tactical one, designed to prevent the jury from hearing testimony concerning the child's actual injuries. It has repeatedly been held that such tactical decisions do not equate with ineffective assistance of counsel. See *Hosch v. State*, 185 Ga. App. 71 (2), 72 (363 SE2d 258) (1987), and cases cited therein. With respect to the appellant's other contentions, suffice it to say that based on our review of the transcript, we conclude that there is no reasonable probability that any of the alleged deficiencies in question had any effect on the outcome of the trial. Therefore, assuming the constitutionality of OCGA § 40-6-270 (b), we hold that the trial judge did not err in denying the appellant's motion for new trial. Accord *Stamey v. State*, 194 Ga. App. 305 (1) (390 SE2d 409) (1990).

*Judgment affirmed. Carley, P. J., concurs. Beasley, J., concurs in Division 2 and in the judgment.*

DECIDED NOVEMBER 22, 1991 —
RECONSIDERATION DENIED DECEMBER 3, 1991 — 

*Sexton, Moody & Renehan, Lee Sexton*, for appellant.
*Thomas C. Lawler III*, District Attorney, *David K. Keeton, Debra K. Turner*, Assistant District Attorneys, for appellee.