## A92A0448. LEE v. THE STATE.
(421 SE2d 301)

COOPER, Judge.

Appellant was indicted for felony theft by taking and was convicted by a jury of misdemeanor theft by taking. On the first appearance of this case before this court, we remanded the case to the trial court for an evidentiary hearing on the issue of whether appellant's trial counsel was ineffective due to his failure to present character witnesses on her behalf. *Lee v. State*, 199 Ga. App. 246 (3) (404 SE2d 598) (1991). At the hearing on remand, appellant testified that she retained her trial counsel to represent her; that counsel did not dis-

cuss the case or potential defenses with her; that she met with counsel a few times accompanied by her sister, Michelle Wilder ("Wilder"); that she could have produced good character witnesses to testify on her behalf; and that trial counsel never asked her about character witnesses. Wilder, appellant's sister, testified at the hearing on remand that she accompanied her sister to several meetings with trial counsel; that he never inquired of her about appellant's character or potential character witnesses; that she questioned counsel about appellant's defense and he did not answer but instead asked about his fee; that in her opinion, appellant's character is good; that she knew of people who could testify as to appellant's good character; and that neither she nor the others were subpoenaed to trial. A second sister of appellant testified at the hearing and stated that appellant had a good reputation in the community; that she would have testified on appellant's behalf; and that she was not asked to testify at trial. Appellant's trial counsel also testified at the hearing, stating that he has been an attorney since 1950; that he had tried thousands of jury trials; that he met with appellant several times and he did discuss possible defenses with her; that not only did he discuss character witnesses with her but he "repeatedly entreated her to get [him] some character witnesses"; that although the case lasted more than one day, when the character witnesses were needed there was only one man present in the courtroom available to testify; that the man had liquor on his breath, was of low intelligence and could barely articulate; that the man would have been a bad witness and therefore he decided not to call the man and retain closing argument; that neither sister approached him to testify as a character witness; that if the two sisters had been present when he needed them, he would have surely called them to the stand; that when appellant met with him she was accompanied by her boyfriend, not her sister; and that he does not consider it a good practice to subpoena character witnesses because a character witness should not be forced to testify. The trial court noted that the trial lasted two days and still no other character witnesses, including appellant's two sisters, appeared to testify. Further, the court also assessed the credibility of the witnesses and concluded that appellant had failed to demonstrate the ineffectiveness of counsel. A notice of appeal was then filed from that ruling.

We agree with the trial court's ruling. The judge heard all the witnesses testify and evaluated the testimony, including trial counsel's statements that he discussed defenses with appellant, that he asked appellant to provide character witnesses and that the only witness who appeared was not, in his opinion, appropriate to testify. " 'Determination of the witnesses' credibility is, of course, within the discretion of the trier of fact. (Cits.)' [Cit.]" *Smarr v. State*, 199 Ga. App. 572 (1) (405 SE2d 561) (1991). Further, trial counsel's decisions

not to call the man who appeared at trial to the stand and not to subpoena character witnesses does not establish ineffectiveness. "To prove he has received ineffective assistance of counsel, the defendant must show both that counsel's performance was deficient and that this deficiency prejudiced the defense. Thus counsel's performance will not be found to be deficient if it falls within the range of reasonably effective assistance. The defendant must overcome the strong presumption that counsel's conduct falls within the broad range of reasonable professional conduct. As to deficient performance, errors in judgment and tactical errors do not constitute denial of effective assistance of counsel. [Cit.]" (Punctuation and citations omitted.) *Powell v. State*, 198 Ga. App. 509 (1) (402 SE2d 108) (1991). In his testimony, trial counsel offered an explanation for the absence of character witnesses, and we conclude that counsel's judgment and tactics were reasonable under the circumstances. See *Baines v. State*, 201 Ga. App. 354 (1) (c) (411 SE2d 95) (1991). Counsel was an experienced trial lawyer and in general, conducted an active defense of appellant; in fact, we note that the defense undoubtedly had some part in appellant being convicted of a misdemeanor rather than a felony. See *Mason v. State*, 199 Ga. App. 691 (2) (405 SE2d 747) (1991). " 'A trial court's finding that a defendant has been afforded effective assistance of counsel must be upheld unless that finding is clearly erroneous. (Cit.)' [Cit.]" *Timberlake v. State*, 200 Ga. App. 64 (5) (406 SE2d 537) (1991). The trial court's decision was not clearly erroneous.

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED JUNE 24, 1992 —
RECONSIDERATION DENIED JULY 23, 1992 —

*Michael E. Bergin,* for appellant.
*Robert E. Keller, District Attorney, Tracy G. Gladden, Assistant District Attorney,* for appellee.