A92A2118. YORK v. THE STATE.

(428 SE2d 113)

POPE, Chief Judge.

Defendant Sylvester York was convicted of armed robbery and three counts of aggravated assault. He appeals following the denial of his motion and amended motion for new trial.

1. Defendant first contends the trial court erred in denying his motion for new trial because the evidence failed to establish that he was the perpetrator of the crimes charged.[1] Construed so as to support the verdict, the evidence adduced at trial showed the following: Vanando Smith, a confidential informant working with the East Point Police Department, approached a group of people standing in the street in the Martel Homes area and inquired about purchasing cocaine. According to the informant, defendant Sylvester York gave him a beeper number to call to arrange a drug buy. The informant subsequently called the number and a woman named Cynthia Mattox spoke with him and a meeting was set up. The informant, along with several members of the East Point Police Department, proceeded to the pre-arranged location. One of the officers, Detective Richey, gave the informant $600 in "flash money" and he and the two other officers concealed themselves nearby. Co-defendant Joe Starr, who was tried and convicted[2] with defendant, and another man who was wearing a mask and brandishing a gun, approached the informant and demanded that he hand over the money. The informant testified that he

---

[1] In addition to challenging the sufficiency of the evidence, defendant also argues in his brief that the trial court erred in failing to charge the jury on the provisions of OCGA § 24-4-6 which provide when a conviction is authorized based on circumstantial evidence. However, inasmuch as enumerations may not be enlarged by brief on appeal to cover issues not contained in the original enumerations, we will not herein consider defendant's argument concerning the trial court's charge to the jury. See, e.g., *Loyd v. State*, 202 Ga. App. 1 (1) (c) (413 SE2d 222) (1991).

[2] Co-defendant Starr's conviction was affirmed by this court in *Starr v. State*, 201 Ga. App. 73 (410 SE2d 180) (1991).

recognized the voice and the clothes of the man wearing the mask and identified defendant York as that person. The informant turned over the money and York remarked that it was not the entire $1,000. The informant directed the defendants to a bag near where the officers were hiding and told the defendants the remainder of the money was under the bag. While Starr was attempting to locate the money under the bag, Detective Richey came out of the bushes and ordered the defendants to freeze. York fired three shots in the direction of the officers and both defendants started running. York ran to the edge of some nearby woods, fired twice more in the direction of the officers, removed his mask and ran into the woods. Two of the officers testified they recognized York when he removed his mask, and they radioed other officers in the area to be on the lookout for him. Defendant York was apprehended a few minutes later when he walked up to a marked patrol car located near the vicinity of the shooting and told the officer in the car that his friends were being shot at. When officers searched York, they found the marked bills Officer Richey had given the confidential informant to use as flash money for the drug buy. A gun and mask like the one the perpetrator had worn were subsequently found near the vicinity of the crime.

In support of his enumeration that the evidence is insufficient, defendant points to certain inconsistencies in the testimony and evidence presented at trial, such as the fact that two different police officers both testified that they removed the $600 in marked bills from defendant's person. " 'The weight and credibility of witnesses are questions for the triers of fact; that some evidence offered by a witness seems contradictory to his own or to some other's, or incomplete or uncertain, does not automatically discredit the evidence given by that witness . . . for it is the function of the triers of fact to determine to what evidence it gives credence. (Cit.) It is not for us to determine or question how the jury resolved any apparent conflicts or uncertainties in the evidence. (Cit.)" *Nguyen v. State*, 201 Ga. App. 132, 133 (410 SE2d 340) (1991). See also *Blackshear v. State*, 199 Ga. App. 839 (1) (406 SE2d 269) (1991). Applying the standard enunciated in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), we find the evidence adduced at trial sufficient to enable a rational trier of fact to find defendant guilty beyond a reasonable doubt of the crimes charged. *Ledbetter v. State*, 202 Ga. App. 524, 525 (3) (414 SE2d 737) (1992); *Blackshear*, 199 Ga. App. at 839 (1). Consequently, the trial court did not err in denying defendant's motion for new trial.

2. Defendant next contends that his trial counsel was ineffective. "To establish ineffective assistance of counsel, ' "(t)he defendant must show both that counsel's performance was deficient and that this deficiency prejudiced the defense." (Cits.)' *Williams v. State*, 257

Ga. 311, 312 (2) (357 SE2d 578) (1987)." *Lee v. State,* 199 Ga. App. 246, 247 (3) (404 SE2d 598) (1991).

(a) Defendant argues the testimony of the State's witnesses was inconsistent and that trial counsel's failure to use these contradictory statements to impeach the testimony of the witnesses denied him his right to cross-examine and confront the witnesses offered against him at trial. First we note that some of the instances defendant urges as examples of conflicting or inconsistent testimony do not appear from our review of the record to be in fact inconsistent. For example, Officer Richey did not testify that the confidential informant had been working with him for *only* six months, as defendant argues on appeal, but that the confidential informant had been working with him for *approximately* six months. Thus, other evidence indicating that the informant had been working as an informant for more than six months was not inconsistent with the officer's testimony giving an approximate time period. Moreover, the record shows that trial counsel did conduct effective cross-examination in this case and that he later used the seeming conflicts in the evidence to defendant's advantage in his closing remarks to the jury. " 'The decisions on which witnesses to call, whether and how to conduct cross-examinations, . . . and all other strategic and tactical decisions are the exclusive province of the lawyer after consultation with his client. . . . The fact that the case could have been tried differently on behalf of the defendant does not mean that he failed to receive a vigorous and competent defense.' (Citations and punctuation omitted.) *Stripling v. State,* 155 Ga. App. 636, 637 (2) (271 SE2d 888) (1980)." *Sleeth v. State,* 201 Ga. App. 324, 326 (a) (411 SE2d 79) (1991).

(b) Defendant also contends that his counsel failed to object to hearsay and leading questions propounded by the State. Although defendant argues that counsel's inaction made it easier for the State to prove its case against him, defendant does not otherwise evoke prejudice on account of these alleged deficiencies. "[S]uffice it to say that based on our review of the transcript, we conclude that there is no reasonable probability that any of the alleged deficiencies in question had any effect on the outcome of the trial." *Noland v. State,* 202 Ga. App. 125, 127 (2) (413 SE2d 509) (1991).

(c) Defendant argues that his trial counsel did not know how to introduce documents relating to the confidential informant's criminal record in order to impeach his testimony at trial. Our review of the record shows that trial counsel established, through cross-examination, the prior criminal record of the witness and that the documentary evidence relating to such criminal activity on the part of the witness subsequently was also admitted into evidence at trial. This contention, therefore, is without merit.

(d) Defendant also contends trial counsel failed to present wit-

nesses on his behalf. However, trial counsel testified at the motion for new trial hearing that after he subpoenaed the witnesses in question they indicated that they would not testify, and that they were fearful that perjury charges might be brought against them if they did testify. Trial counsel further testified that he advised his client that the witnesses might offer unfavorable testimony and defendant stated he did not want the witnesses to testify. " 'This court has repeatedly held that trial strategy and tactics do not equate with ineffective assistance of counsel.' (Punctuation omitted.) *Foreman v. State*, 200 Ga. App. 400, 401 (3) (408 SE2d 178) (1991)." *Jacobson v. State*, 201 Ga. App. 749, 752 (5) (a) (412 SE2d 859) (1991). Although defendant testified at the hearing and denied the occurrence of the conversation about the witnesses testifying, "[d]etermination of the witnesses' credibility is, of course, within the discretion of the trier of fact." (Citations and punctuation omitted.) *Lee v. State*, 205 Ga. App. 139, 140-141 (421 SE2d 301) (1992). " 'A trial court's finding that a defendant has been afforded effective assistance of counsel must be upheld unless that finding is clearly erroneous.' . . . [Cit.] Accordingly, as there is evidence supporting the trial court's finding, the trial court did not err by concluding that [defendant] failed to establish that he was denied the effective assistance of counsel within the meaning of *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) [(1984)]." *Whitner v. State*, 202 Ga. App. 608, 609 (415 SE2d 52) (1992).

3. Defendant also contends that his trial counsel refused to allow him to testify, and that trial counsel did not inform him of his right to testify or discuss with him the consequences of his failure to testify in his own behalf at trial. Trial counsel testified at the motion for new trial hearing that he and the defendant discussed whether defendant would testify at trial both before and during the trial and that defendant initially insisted that he would testify. Trial counsel further testified that after co-defendant Starr's testimony, defendant changed his mind and indicated that he did not want to testify. Counsel said he then explained to defendant that his decision not to testify "wouldn't be held against him by law but the jury may look at it . . . a little odd that he didn't get up and testify. Since especially the codefendant had testified." Trial counsel also explained that his trial strategy, in concurrence with Starr's counsel, was that neither defendant nor Starr would testify "in light of the facts we had" but that he was not surprised when Starr decided to testify because he kept changing his mind throughout trial.

The decision concerning a defendant's testifying in his own behalf at trial is a tactical one and as such will not be questioned by this court. *Allsop v. State*, 196 Ga. App. 379, 382 (396 SE2d 47) (1990). Although defendant and trial counsel gave conflicting testimony at

the hearing on the motion for new trial concerning defendant's contentions on appeal, we reiterate that it was the function of the trial court hearing the evidence presented at the hearing on defendant's motion for new trial to determine witness credibility and resolve these conflicts. *Lee v. State*, 205 Ga. App. at 140.

4. In his seventh enumeration of error, defendant contends that the prosecutor made certain improper remarks in closing argument to the jury. The record shows, however, that no objection was interposed at trial to the statements which defendant now contends constituted reversible error. " '(I)t has been held that, unless the court's attention is called to such improper argument and a ruling invoked upon the trial, it is too late to raise the point for the first time [on appeal]. [Cit.] 'When an improper argument is made, whether substantive or procedural, opposing counsel has a duty to act by interposing an objection.' [Cit.]" *Williams v. State*, 251 Ga. 749, 801 (14) (312 SE2d 40) (1983). See also *Hudson v. State*, 250 Ga. 479, 484 (4) (299 SE2d 531) (1983). Consequently, this enumeration is without merit.

5. We have examined defendant's fourth, fifth and sixth enumerations of error and find them also to be without merit.

*Judgment affirmed. Carley, P. J., and Johnson, J., concur.*

DECIDED FEBRUARY 24, 1993.

*Stewart A. Anshell*, for appellant.

*Lewis R. Slaton, District Attorney, Richard E. Hicks, Grover W. Hudgins, Rebecca A. Keel, Assistant District Attorneys*, for appellee.