A95A2515. PALMER v. THE STATE.

(467 SE2d 6)

McMURRAY, Presiding Judge.

Defendant was tried before a jury and found guilty of armed robbery, aggravated assault and possession of a firearm during the com-

mission of a crime. This appeal followed the denial of defendant's motion for new trial. In one enumeration of error, defendant challenges the sufficiency of the evidence and in another he claims that his trial attorney was ineffective because she failed to call two alibi witnesses. *Held*:

1. Although defendant fails to present argument or citation of authority in support of his challenge to the sufficiency of the evidence, we have reviewed the trial transcript and find that the State's eyewitness testimony (identifying defendant as the perpetrator of the crimes charged) is sufficient to authorize the jury's finding that defendant is guilty, beyond a reasonable doubt, of armed robbery, aggravated assault and possession of a firearm during the commission of a crime. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. With regard to defendant's claim that his trial attorney ineffectively failed to call two alibi witnesses at trial, we observe that defendant's trial attorney testified (at a hearing on defendant's motion for new trial) that she repeatedly asked defendant and defendant's mother for the names of any alibi witnesses before trial and that the only information she was given (regarding the two alibi witnesses who were purportedly not called to testify on defendant's behalf) was the name "Alex." Defendant's trial attorney explained that she vigorously attempted to discover the whereabouts of "Alex" (or even uncover Alex's full name) before trial, but that these attempts, which included inquiry with defendant as well as defendant's mother and brother, were unsuccessful. Defendant, on the other hand, offered evidence opposing to these explanations. The trial court, however, resolved these factual disputes, finding that defendant's trial attorney "conducted herself appropriately . . ." and provided defendant with effective representation at trial. In the absence of clear error, we have no power to set aside this finding. *York v. State*, 207 Ga. App. 494, 495 (2), 496 (2) (d) (428 SE2d 113).

"A trial court's finding that a defendant has not been denied effective assistance of trial counsel will be affirmed unless clearly erroneous. *Warren v. State*, 197 Ga. App. 23 (1) (397 SE2d 484) (1990). [In the case sub judice, defendant] must overcome the strong presumption that [his trial attorney's] conduct falls within the broad range of reasonable professional conduct. *Snyder v. State*, 201 Ga. App. 66 (8) (410 SE2d 173) (1991). 'To establish ineffective assistance of counsel, (a defendant) must show that his counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984).' *Gross v. State*, 262 Ga. 232, 233 (1) (416 SE2d 284) (1992)." *Peterson v. State*, 212 Ga. App. 147, 150 (4), 151 (441 SE2d 481). In the case sub judice, the trial court rejected the factual basis of defendant's claim that his trial counsel's performance was de-

ficient. Consequently, defendant failed to overcome the strong presumption that his trial attorney provided him with effective assistance before trial and during trial. Under these circumstances, we cannot say the trial court erred in rejecting defendant's claim of ineffective assistance of trial counsel.

*Judgment affirmed. Andrews and Blackburn, JJ., concur.*

DECIDED JANUARY 10, 1996.

*Samuel W. Cruse*, for appellant.

*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellee.