## 25721. KELLAR v. THE STATE.

HAWES, Justice. 1. Richard Travis Kellar was convicted of robbery by using an offensive weapon and sentenced to twenty years in prison. In the enumeration of errors filed with his appeal to this court he enumerates seven grounds of alleged error, the nature of which will sufficiently appear from the opinion. Grounds 1 and 2 complain of the refusal of the court to sustain the defendant's objection to the testimony of the defendant's wife offered by the State. Defendant argues in substance that while one spouse is, since the 1957 amendment to *Code* 38-1604 (Ga. L. 1957, p. 53), competent to testify against the other, the wife, without first expressly waiving her privilege to refuse to testify, cannot testify against her husband over his objection. The privilege of refusing to testify belongs to the witness and not to the accused, and, where the witness voluntarily took the stand and testified, it will be presumed that she did so pursuant to a waiver of her privilege. *James v. State*, 223 Ga. 677, 683 (157 SE2d 471). There is no merit in the first two grounds of enumerated error.

2. Counsel for the defendant moved for a mistrial on the ground that his client was brought into the presence of the jury while manacled. In response to that motion, the trial judge said, "I didn't see him handcuffed. Bring in the jury and let's go ahead. Call your next witness." This is made the basis of defendant's third ground of enumerated error. It does not appear from anything else shown by the record that the defendant was in fact brought before the jury while handcuffed. Under these circumstances, no harmful or reversible error is shown by the record, and the third ground of enumerated error is without merit.

3. At the close of the State's case against the defendant a colloquy ensued between the court and the defendant. In substance, the defendant asked the permission of court to "fire" his attorney who had been appointed on the ground that the attorney was incompetent. The court refused to grant this request and, in turn, requested the attorney to continue to counsel with the defendant and directed the defendant, if he wished, to conduct his own defense. The court then asked the defendant if he wished to put up any evidence but the defendant declined to do so, stating that

he objected to the trial, that he was an incompetent person and that he did not understand or know the nature of the charge against him. After the defendant had declined to put up any evidence or to make a statement, the court directed him to "go to the jury," that is, to make his opening argument to the jury. The defendant refused to make any opening or closing argument, but merely stated again that he objected to the trial but did not waive any of his rights. Counsel for the defendant, who was appointed to prosecute this appeal, contends that this "argumentative discussion between the court and defendant in the presence of the jury prohibited defendant from obtaining a fair and impartial trial." However, no motion for a mistrial or other ruling of the court was invoked, and since this colloquy was precipitated by the defendant himself, he cannot now complain that it prejudiced his case.

4. It cannot be disputed that every court has the inherent power in the furtherance of justice to control the conduct of its officers and all other persons connected with a judicial proceeding before it. *Code* § 24-104 (4). An attorney at law admitted to practice in the courts of this State is an officer of the courts, and as such, is as much subject to the power of the court to control the conduct of persons present in the courtroom as others are subject thereto. *DeKrasner v. Boykin*, 54 Ga. App. 29 (186 SE 701). In regulating and controlling the business of the court, wide discretion is necessarily placed in the judge, and the appellate courts should never interfere with the exercise of that discretion unless it is made to appear that wrong or oppression has resulted from its abuse. *Atlanta Newspapers, Inc. v. Grimes*, 216 Ga. 74, 79 (114 SE2d 421). Applying the foregoing rules to appellant's 5th and 6th grounds of enumerated error, the court did not err in interposing on its own motion, and in the absence of an objection by counsel for the State, upon the cross examination of a witness by counsel for the defendant, and preventing him from asking a question which the court deemed to be improper; nor did the court err in intervening in the questioning of the witness by counsel for the State by asking a question calling for the clarification of testimony just given by the witness; nor did the court err in directing counsel for the defendant, while examining a witness to stand in a particular place in the courtroom so

as not to obstruct the solicitor's view of the witness and in requiring the attorney for the defendant to stand so as not to obstruct the jury's view and hearing of the witness on the stand. None of these grounds shows harmful or reversible error.

5. If the court committed any error in failing or refusing to appoint counsel to prosecute an appeal for the defendant, such error was harmless to the defendant since his appeal has been brought to this court for its consideration and full consideration has been given by this court to all points raised in the appeal. The delay occasioned by the failure of the court to sooner appoint counsel to prosecute the appeal was not harmful to the defendant.

*Judgment affirmed. All the Justices concur.*

ARGUED APRIL 14, 1970—DECIDED JUNE 9, 1970.

Richard T. Kellar, *pro se, William Van Dyke,* for appellant. *Lewis R. Slaton, District Attorney, Tony H. Hight, Joel M. Feldman, Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Marion O. Gordon, William R. Childers, Jr., Assistant Attorneys General,* for appellee.