A89A0184. YOUNG v. THE STATE.

(382 SE2d 642)

BIRDSONG, Judge.

John Michael Young was convicted of robbery by intimidation and sentenced to twelve years, eight to serve followed by four years on probation. He brings this appeal enumerating four alleged errors.

The evidence pertinent to this appeal shows that at about 4:30 p.m., September 7, 1987, a convenience store in Savannah was robbed. The clerk was alone in the store, in the process of making a phone call. A black male entered the store wearing a blue checkered shirt and other appropriate clothes as well as a pair of dark sunglasses. The man walked up to the counter and told the clerk to hang up, that a "stick up" was in progress. At first, the clerk did not consider the comment as a serious one, but the man repeated the statement, pulled up his shirt and showed the clerk a wooden handle that she concluded was the butt of a gun. He demanded the money from the cash register. The particular store's cash register had been rigged to trigger a hidden surveillance camera if particular bills were removed from the register. The clerk did remove those bills and placed all the bills in the register in a brown paper bag. A series of pictures was taken of a black male wearing a checkered blue shirt, having sunglasses over his eyes, and receiving a brown paper bag from the clerk. It was established as a fact that the pictures were of the appellant Young. Young admitted that he was in the store, but earlier in the afternoon, had received a brown paper bag from the clerk (but with an innocent explanation) and had left the store and entered his brother's auto and driven away from the store. Four days later, after being identified from the photos taken in the store, appellant Young was apprehended and his brother's car was observed outside the apartment where appellant was living with his brother. Prior to an impound of the car, the brother sought to remove items from the car. Upon opening the glove compartment, the officers observed in plain view an old pistol with a brown wooden handle and a pair of dark sunglasses. Upon being shown pictures taken of appellant Young by the surveillance camera, the clerk identified that person as being the robber and also identified the pistol as having a wooden handle similar to the wooden object she had seen in the robber's waistband. The clerk also identified appellant Young in court as the person who had demanded and accepted all the currency taken from the cash register. *Held*:

1. In his first enumeration of error, appellant contends the clerk was not one hundred percent certain of her identification. In view of his testimony that he was in the store earlier for an innocent purpose and was not involved in a robbery, he argues the evidence does not sustain the verdict of guilt.

On appeal from findings of guilt, the presumption of innocence no longer prevails, the jury has determined the credibility of witnesses, resolved issues of fact in dispute, and has been convinced of guilt beyond reasonable doubt; the appellate courts review the evidence only to determine if there is such credible evidence as to satisfy the test imposed upon the jury and whether it was authorized to return the finding of guilty. *Ridley v. State*, 236 Ga. 147, 149 (223 SE2d 131); *Blackwell v. State*, 139 Ga. App. 477, 478 (228 SE2d 612). Although the evidence was in dispute as to the identity of the robber, it was for the jury to resolve such conflicts in the testimony. The jury resolved the dispute in favor of the State, and this court will not substitute its judgment for that of the jury. *Glover v. State*, 237 Ga. 859, 860 (230 SE2d 293). Our review of the evidence in the light most favorable to the jury's verdict satisfies us that there was ample credible evidence before the jury from which any rational trier of fact could conclude beyond reasonable doubt that appellant Young was guilty of the crime of robbery by intimidation. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Baggett v. State*, 257 Ga. 735 (2) (363 SE2d 257).

2. In his second enumeration of error, appellant complains he was denied the effective assistance of counsel because his trial defense counsel declined to present character evidence even though Young had desired such evidence and given his counsel the names of several witnesses for that purpose. The same enumeration was presented to the trial court on a motion for new trial. At a hearing held on the motion for new trial, it was developed that trial defense counsel did interview the witnesses whose names were given to him by his client, Young. All but one of these persons declined to offer evidence as to the character of the appellant. The one cooperative witness was present in court. However, when the defense became aware that Young's sister was present in court and willing to testify in rebuttal as to his bad character, after consultation with Young, the defense decided tactically to withhold the character evidence and withdrew its request for a charge on character. This decision was announced in open court (though not in the presence of the jury) and in the presence of the appellant who offered no oral objection or comment. Appellant now contends that contrary to his counsel's contentions, counsel did not confer with him about the waiver of character evidence nor obtain his consent thereto.

It is clear that the decision to call character witnesses, the conduct of the trial defense in general, the making of motions and objections, and similar trial strategies and tactics are the exclusive province of the lawyer after consultation with the client. *Reid v. State*, 235 Ga. 378, 379 (219 SE2d 740). See further argument on waiver in Division 3 of this opinion hereunder.

In his argument on inadequacy of representation, appellant also contends that the State was allowed to produce before the jury a blue checkered shirt which was ultimately ruled by the trial court not to be admissible in evidence. It is contended that the failure to cause the trial court to strike the victim's testimony that the shirt was similar to the one worn by the robber reflects the degree of incompetency and harm resulting. We find this argument to be of no avail. There was no question that the person in the store wearing a blue checkered shirt and a pair of sunglasses was the appellant Young. The only question was whether the clerk's identification was based upon a film taken before or at the time of the robbery. We will not grant a new trial or reverse a case for error unless it is also shown to be harmful, and evidence is harmless where admissible evidence of the same fact is before the jury. *Glass v. State*, 235 Ga. 17, 19 (218 SE2d 776).

In an amended enumeration of error appellant asserts that he also was denied effective assistance of counsel because his defense counsel failed to object to the introduction of the testimony of Detective Hood regarding the search of the automobile of appellant's brother until after it was heard by the jury, and that counsel thereafter failed to have that portion of the testimony stricken from the record. The record reflects that Detective Hood testified that he found a handgun and certain other items during the search of the car. When the State attempted to introduce these items, defense counsel objected and his objection was sustained. "To prove he has received ineffective assistance of counsel, '(t)he defendant must show both that counsel's performance was deficient and that this deficiency prejudiced the defense.'" *Williams v. State*, 257 Ga. 311 (2) (357 SE2d 578). "In order to prove the defense has been prejudiced, defendant must show there is a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional deficiencies." *Baggett v. State*, 257 Ga. 735 (1) (363 SE2d 257). Pretermitting the issue of counsel's deficiency, we find, based on the posture of the record, that appellant has failed to show any prejudice resulting from the asserted acts and omissions of counsel.

3. Appellant also argues that it was error for the trial court to allow him to be tried by a jury composed only of eleven members. The transcript shows that before the trial started, but after a jury of twelve had been selected and seated, one of the jurors became ill. Both the State and defense agreed to proceed with the jury of eleven members. Young now complains that his consent was not obtained and the trial transcript does not affirmatively show his consent. However, the transcript does reflect that the discussion concerning the excusal of the twelfth juror and the election to proceed with only eleven all occurred in open court and apparently in Young's presence. Even though the record in this case does not show affirmatively that Young

agreed either to the waiver of character evidence or to a charge thereon (see Division 2) nor to the eleven-person jury, we find that Young acquiesced in both of these waivers by not objecting thereto. While it may be better practice to inquire directly of a defendant if he agrees with these tactical decisions, we conclude counsel for the accused validly may waive these rights for him if (1) the waiver is made, without objection, in the accused's presence; or, (2) the accused otherwise acquiesces in the waiver, for example, by proceeding without voicing an express objection after waiver has been effected by word or conduct of counsel. See *Hudson v. State*, 250 Ga. 479, 484 (3) (299 SE2d 531). We find no merit in these contentions.

4. Appellant also urges the trial court erred in failing, sua sponte, to charge on the lesser included offense of theft by taking. Appellant was tried upon the offense of armed robbery. Because he never removed the weapon from his waistband, but only exposed an object which appeared to the victim to be the butt of a pistol, the trial court also charged the jury (at the specific request of the defense) on the lesser charge of robbery by intimidation. The jury elected to return the finding of guilt of the lesser degree of robbery.

Appellant's defense was that he was present in the store for an innocent purpose and that he did not commit a robbery nor ever take any money from the clerk or the cash register. Moreover, there was no request for a charge upon the crime of theft by taking and at the conclusion of the charge, the defense indicated it was satisfied and voiced no objection.

Where the record does not disclose a request for a charge upon a particular lesser included offense, the failure to give such a charge sua sponte, is not error. *State v. Stonaker*, 236 Ga. 1, 2 (2) (222 SE2d 354). Furthermore, where there is no evidence giving rise to a lesser included offense, the trial court does not err in failing to give such a charge. *Hill v. State*, 229 Ga. 307 (191 SE2d 58); *Nuckles v. State*, 137 Ga. App. 200, 204 (223 SE2d 245). Finally when asked if defense had objections to the charge, no objections were made nor were objections reserved. Thus any complaint against the failure to charge on theft by taking was waived. *Wright v. State*, 182 Ga. App. 570 (1) (356 SE2d 531).

*Judgment affirmed. Deen, P. J., and Benham, J., concur.*

DECIDED MAY 9, 1989.
REHEARING DENIED MAY 24, 1989 —

*Mark J. Nathan*, for appellant.
*Spencer Lawton, Jr.*, District Attorney, *John E. Morse, Jr.*, As-

*sistant District Attorney*, for appellee.