## S91G0517. FRENCH v. THE STATE.
(405 SE2d 35)

SMITH, Presiding Justice.

We granted a writ of certiorari to the Court of Appeals in *French v. State*, 198 Ga. App. 210 (401 SE2d 67) (1990), and informed the parties that we were particularly concerned with whether "[T]he Court of Appeals properly conclude[d] that *Smith v. State* [255 Ga. 654 (341 SE2d 5) (1986)] mandates a remand to the trial court?" We hold that under the facts of this case that our holding in *Smith* does not mandate a remand, and we reverse.

The standard for evaluating an ineffective assistance of counsel claim is quoted from *Strickland v. Washington*, 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984) in *Hance v. Kemp*, 258 Ga. 649, 656 (373 SE2d 184) (1988). There are two components to the claim. First, the defendant must show that counsel's performance was deficient. Second, the defendant must show that the defense was prejudiced by the deficient performance. Both components must be shown before we can find that the conviction " 'resulted from a breakdown in the adversary process that renders the result unreliable.' " Id. The appellant asserts that trial counsel was deficient because he failed to "adequately preserve for appellate review matters contained in the enumeration of errors." However, the Court of Appeals reached the merits of all the errors enumerated except one, and there is no merit to the appellant's roadblock argument. *State v. Golden*, 171 Ga. App. 27, 29 (318 SE2d 693) (1984).

The issues that the appellant asserts were not adequately preserved have all been reviewed. Under these facts, there is no way in which the appellant could show deficiency and prejudice. We affirm that part of the Court of Appeals opinion that affirmed the judgment and we reverse that part of the opinion that remanded with direction.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

DECIDED JUNE 20, 1991 —
RECONSIDERATION DENIED JULY 10, 1991.

*William M. Warner*, for appellant.
*Gerald N. Blaney, Jr.*, Solicitor, *Davis M. Fuller*, Assistant Solicitor, for appellee.