A91A0422. BAILEY v. THE STATE.
(409 SE2d 230)

BEASLEY, Judge.

Appellant, Corey Bailey, was convicted of armed robbery. OCGA § 16-8-41.

The evidence at trial was that the robbery was committed on February 2, 1990, at approximately 7:00 a.m. at a convenience store. The cashier positively identified appellant from a photographic array and at trial. Appellant owned a car matching the description of the getaway car. Appellant's accomplice and co-indictee, Thomas Whatley, made statements to the police implicating appellant.

Appellant testified that at the time of the robbery he was at his

home in the company of his girl friend, Lynn Ellis, his roommate, and his roommate's girl friend, Regina Dorsey. Ellis corroborated appellant's testimony, but neither of the other two testified. Certain aspects of appellant's alibi were contradicted.

1. Appellant enumerates error in the denial of his motion for new trial, which challenged the sufficiency of the evidence to support the verdict. The evidence was sufficient to authorize a rational trier of fact to find appellant guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Citing *Johnson v. State*, 238 Ga. 59 (230 SE2d 869) (1976), appellant complains that the trial court erred in not striking certain remarks made in closing argument by the prosecuting attorney and in not giving a curative instruction to the jury.

The closing arguments were not reported, and because the parties could not agree as to what had transpired, the court entered an order reciting the facts based on its recollection, which recitation is final. OCGA § 5-6-41 (g). The trial court states that Regina Dorsey, a witness, was subpoenaed by both the state and the defense. After the first day of trial, defense counsel interviewed her and then excused her from his subpoena. The next day the prosecuting attorney, who had not excused her from the state's subpoena, attempted without success to locate her and call her as a rebuttal witness. At the conclusion of the evidence, the court ruled that in closing argument both sides could state "what they would have expected Regina Dorsey to testify, within reason, had she been available to testify."

Defense counsel advised the jury that he expected her to state that she did not know anything and was not going to get involved. The prosecuting attorney advised that he expected her to state that she did not spend the night at appellant's home the night before the robbery. When the prosecuting attorney began to relate pre-trial statements made by the witness, "[defense counsel] objected and the court sustained the objection, ruling that the state could [go] no further than the basic statement that she was not present the night before." That ended the court's narrative, and the court concluded its order by stating that "[t]he above constitutes what transpired. . . ." We know no more precisely what allegedly improper statement the prosecutor made, what the extent of the objection was, or what wording the court used in its ruling.

We assume for the purpose of this appeal the propriety of the comments of both counsel regarding what Dorsey would have testified to, since no issue is made with respect to whether this exceeded the bounds of the evidence. See OCGA § 17-8-75. We must also assume that the objection to what she had told law enforcement officers on a prior occasion was proper, as the court sustained it and limited the state to its appropriate bounds. However, it does not appear that the

court either expressly excised the comment or gave direct curative instructions to the jury "to remove the improper impression from their minds. . . ." OCGA § 17-8-75.

Defendant registered no dissatisfaction with the court's handling of the matter by directive, which curbed the prosecutor and, since it heard the ruling, enlightened the jury as to what was allowed and what was not allowed. Defendant's failure to seek further explicit action by the trial court precludes him from citing such inaction as error. "If . . . the objection to the State's argument is sustained, the objection will not authorize defense counsel to assert on appeal that the trial court erred in failing to take any *additional, unrequested* curative actions." *Hall v. State,* 180 Ga. App. 881, 883 (3) (350 SE2d 801) (1986). See also *Keen v. State,* 164 Ga. App. 81, 88 (296 SE2d 91) (1982).

*Judgment affirmed. Banke, P. J., and Carley, J., concur.*

### ON MOTION FOR RECONSIDERATION.

Appellant, who was convicted of armed robbery, has filed a motion for reconsideration of our decision affirming his conviction. He has also filed a motion for the appointment of counsel.

After appointed counsel had filed an enumeration of errors and briefs, appellant requested that counsel be dismissed from the case, as a result of which we granted counsel's motion to withdraw as attorney of record. Appellant now requests that another attorney be appointed to represent him in asserting claims relating to ineffective assistance of trial counsel which he has asserted in his motion for reconsideration, and, pursuant to *Smith v. State,* 255 Ga. 654, 655 (3) (341 SE2d 5) (1986), the case be remanded for an evidentiary hearing.

In the motion, appellant contends that his appointed attorney was constitutionally ineffective because he failed to move to suppress the indictment and warrant (in that there was a lack of probable cause for appellant's arrest), and because he failed to file a timely motion to suppress identification testimony (in that a photographic line-up shown to the victim by the police was impermissibly suggestive).

Even if new grounds could be raised by post-opinion motion, see Rule 48 (f), appellant's ineffective assistance claims are without merit. The photographic array (State's exhibit 1) was not impermissibly suggestive. Appellant does not complain about the admission of any other testimonial or physical evidence. Even an illegal arrest is no bar to the subsequent prosecution. *Lackey v. State,* 246 Ga. 331 (2) (271 SE2d 478) (1980).

Consequently, there is neither authority for nor need to remand the case for an evidentiary hearing on appellant's newly-asserted inef-

fective assistance claims. See *French v. State*, 261 Ga. 424 (405 SE2d 35) (1991).

*Appellant's motions are denied.*

DECIDED JUNE 25, 1991 —
RECONSIDERATION DENIED JULY 24, 1991.

*Mundy & Gammage, John S. Husser*, for appellant.
*William A. Foster III, District Attorney, Jeffrey L. Ballew, Assistant District Attorney*, for appellee.

