## A91A2134. SMITH v. THE STATE.
### (414 SE2d 504)

McMURRAY, Presiding Judge.

An indictment was returned against defendant on August 15, 1988, in the Superior Court of Houston County charging him with trafficking in cocaine (Count 1), possession of cocaine (Count 2) and carrying a concealed weapon (Count 3). Prior to the return of the indictment in the case sub judice, defendant had entered a guilty plea on May 23, 1988, in the 20th Judicial Circuit of the State of Michigan to the offense of delivery of cocaine under 50 grams and was sentenced to the penitentiary. On October 21, 1988, defendant served the District Attorney of Houston County, Georgia, with a notice of place of imprisonment and a request for disposition of indictments, information or complaints pursuant to OCGA § 42-6-20 (Art. III (a)).[1] On March 30, 1989, defendant agreed with the Houston County District Attorney that he "would enter a guilty plea to the Houston County charges once he was released from prison in Michigan." On June 9, 1989, defendant filed a motion to dismiss the Houston County indictment on the ground that his case was not prosecuted within 180 days after service of his notice of place of imprisonment and request for disposition of indictments, information or complaint. The trial court denied this motion, finding "that since the Defendant's attorney and the Houston County District Attorney's office entered into a joint recommendation agreed to by Defendant within 180 days, Defendant cannot now argue that the District Attorney's office failed to bring him to trial within 180 days and that the indictments should be dismissed with prejudice." This appeal followed the dismissal of Counts 1 and 3 of the indictment and defendant's plea of guilty on Count 2 of the indictment. *Held:*

"A party cannot complain of error that his own conduct aided in causing. *Chambley v. State*, 177 Ga. App. 630 (1) (340 SE2d 635)." *Jones v. State*, 198 Ga. App. 881, 882 (2), 883 (403 SE2d 867). In the case sub judice, the trial court did not err in denying defendant's motion to dismiss the indictment since any delay in bringing defendant to trial within the time prescribed by OCGA § 42-6-20 (Art. III (a)) was precipitated by defendant's agreement to "enter a guilty plea to

---

[1] OCGA § 42-6-20 (Art. III (a)) provides, in pertinent part, as follows: "Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party state, and whenever during the continuance of the term of imprisonment there is pending in any other party state any untried indictment, information or complaint on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within one hundred eighty days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information or complaint. . . ."

the Houston County charges once he was released from prison in Michigan."

*Judgment affirmed. Sognier, C. J., and Andrews, J., concur.*

DECIDED DECEMBER 3, 1991 —
RECONSIDERATION DENIED DECEMBER 19, 1991 — 

*Sonya J. Calhoun*, for appellant.

*Edward D. Lukemire, District Attorney, Claire C. Chapman, Assistant District Attorney*, for appellee.