## S91A1301. WITHERSPOON v. THE STATE.
### (412 SE2d 829)

HUNT, Justice.

Rufus Charles Witherspoon shot and killed Lannis Crosby with a handgun. Following a jury trial, he was convicted of felony murder, possession of a firearm by a convicted felon, and possession of a firearm during the commission of a crime. He was sentenced to life imprisonment for murder, plus five years, to be served consecutively, on the charge of possession of a firearm during the commission of a crime.[1]

1. Having reviewed the evidence in the light most favorable to the jury's determination, we conclude that a rational trier of fact could have found the defendant guilty of the crimes for which he was convicted beyond a reasonable doubt. _Jackson v. Virginia,_ 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); _Crawford v. State,_ 245 Ga. 89, 90 (263 SE2d 131) (1980).

2. The defendant contends the trial court erred by denying his motion for a directed verdict on the felony murder charge, the underlying felony being possession of a firearm by a convicted felon. Contrary to the defendant's argument, the state laid an adequate foundation for the admission into evidence of the defendant's prior felony conviction in South Carolina. Nor do we find merit in the defendant's argument that the admission of the prior conviction impermissibly placed his character in issue.

3. In his second enumeration of error, the defendant urges us to adopt the "merger doctrine," which would preclude his conviction for felony murder based on the aggravated assault of the victim. Adoption of that rule would be of no benefit to Witherspoon in view of our holding in Division 1. Moreover, in _Edge v. State,_ 261 Ga. 865 (414 SE2d 463) (1992) we decided not to adopt the merger doctrine in toto, but, rather, to modify our existing "strict liability" felony murder rule. This modified rule is designed to preserve the possibility, where warranted, of a conviction for voluntary manslaughter, so that

---

[1] The crimes were committed on December 23, 1989. The defendant was indicted by the Appling County Grand Jury on September 4, 1990, and tried on November 26-28, 1990. His motion for new trial, filed December 13, 1990, was denied on May 13, 1991. The court reporter certified the transcript on March 15, 1991. The defendant filed his notice of appeal on June 17, 1991. The appeal was docketed in this court on July 5, 1991, and submitted for decision on August 23, 1991.

a voluntary manslaughter charge based on the aggravated assault of the victim, where the assault results from passion or provocation, is not automatically converted to felony murder. This modified rule is not applicable in this case.

4. We find no merit to the defendant's remaining arguments.

*Judgment affirmed. Clarke, C. J., Weltner, P. J., Bell, Benham and Fletcher, JJ., concur.*

DECIDED FEBRUARY 6, 1992 —
RECONSIDERATION DENIED FEBRUARY 26, 1992.

*Luman C. Earle,* for appellant.

*Glenn Thomas, Jr., District Attorney, Stephen D. Kelley, Assistant District Attorney, Michael J. Bowers, Attorney General, Peggy R. Katz, Staff Attorney,* for appellee.