A92A1952. BRUNDAGE v. THE STATE.
(430 SE2d 173)

BIRDSONG, Presiding Judge.

Gregory Brundage appeals his conviction for the sale of cocaine. His sole enumeration of error is that he received the ineffective assistance of trial defense counsel. *Held*:

1. "Having reviewed the evidence in the light most favorable to the jury's determination, we conclude that a rational trier of fact could have found the defendant guilty of the [crime] for which he was convicted beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Crawford v. State*, 245 Ga. 89, 90 (263 SE2d 131) (1980)." *Witherspoon v. State*, 262 Ga. 2 (412 SE2d 829).

2. The record shows defense counsel appointed to represent Brundage during his trial also filed the motion for new trial on his behalf and appellate counsel was appointed after the motion for new trial was denied. While ordinarily under this posture of the case we would remand for an evidentiary hearing and ruling by the trial court (see *Johnson v. State*, 259 Ga. 428, 430 (383 SE2d 115)), under the facts of this appeal it would serve no useful purpose.

In cases such as this "[t]he burden is on the defendant claiming ineffectiveness of counsel to establish (1) his attorney's representation in specified instances fell below 'an objective standard of reasonableness' *and* (2) there is 'a reasonable probability that, but for counsel's

unprofessional errors, the result of the proceeding would have been different.' *Strickland v. Washington*, 466 U. S. 668, 695-96 (104 SC 2052, 80 LE2d 674) (1984). [Cit.]" *Bowley v. State*, 261 Ga. 278, 280 (404 SE2d 97). A reviewing court, however, need not address both elements of this test if a sufficient showing of one element cannot be made and the elements need not be addressed in any particular order. *Thompson v. State*, 191 Ga. App. 906 (383 SE2d 339); *Young v. State*, 191 Ga. App. 651, 653 (382 SE2d 642). As it is apparent as a matter of law that Brundage cannot satisfy the second element of this test, we need not remand for a hearing on whether counsel was ineffective. See *Smith v. State*, 262 Ga. 480 (422 SE2d 173); *French v. State*, 261 Ga. 424 (405 SE2d 35).

Brundage's sole allegation is that his trial defense counsel was ineffective because he failed to move for a mistrial when Brundage did not testify after the trial court instructed Brundage, who had taken the stand in the presence of the jury, of his rights not to testify or say anything that might incriminate him; that he did not have to prove anything, including his lack of guilt because the burden was on the state; that no one could make him testify and no harmful inference could be drawn from his not testifying; and that if he did testify both sides could question him. The trial court then asked the defendant if he wished to testify, and Brundage announced from the witness stand that he did not. The trial court immediately instructed the jury it could draw no inferences from this and that the burden is on the state "and that's where it stays." The record shows that although the defense rested without calling any witnesses, the jury found Brundage guilty only of one of the three counts against him, acquitted him of another count, and the jury could not reach a verdict on the other count.

More significantly, however, the record also shows that the trial court's advice to Brundage was preceded by trial defense counsel's request that the trial court lay those rights on the record. Since Brundage's counsel, in the presence of the jury, requested this advice be given, he cannot seek a mistrial after the request was granted. *Kellar v. State*, 226 Ga. 432, 433 (175 SE2d 654). Indeed, induced error is not a proper basis for claiming prejudice. *Sullens v. State*, 239 Ga. 766, 767 (238 SE2d 864); *Martin v. State*, 193 Ga. App. 581, 584 (388 SE2d 420). In view of the circumstances of Brundage's request, there was no basis for the granting of a mistrial.

Thus, pretermitting whether Brundage's trial defense counsel's performance was deficient within the meaning of *Strickland* by not moving for a mistrial, we find there exists no reasonable probability that the outcome of this case would have been different within the meaning of *Strickland v. Washington, Thompson,* and *Young.*

Accordingly, Brundage's enumeration is without merit.

*Judgment affirmed. Andrews, J., concurs. Beasley, P. J., concurs specially.*

BEASLEY, Presiding Judge, concurring specially.

I concur fully in Division 1. I concur in the result in Division 2 but not in all that is written. I do agree that the basis for the claim of effectiveness of counsel yields to a ruling on the existing record, as a matter of law, rejecting that basis.

Appellant asserts that trial counsel was ineffective because he failed to move for a mistrial after the court instructed the defendant, who had taken the witness stand, of his rights. See OCGA § 24-9-20. Failure to object or move for a mistrial would, in effect, waive alleged error so that it could not be raised for the first time in a motion for new trial. *Roberts v. State*, 231 Ga. 395, 396 (202 SE2d 43) (1973). Thus it might constitute ineffective assistance of counsel to fail to raise it timely.

However, as described in the majority opinion, all of what the trial court advised defendant is preceded by the following colloquy:

The court: "Mr. Anderson (appellant's trial counsel), would you like the Court to advise Mr. Brundage of his rights?"

Mr. Anderson: "Yes, Your Honor. I would like those rights laid out on the record please."

Appellant does not assert that counsel was ineffective because he made this request, but only because he failed to seek a mistrial when the request was granted. A party cannot invite error and then complain of it. *Smith v. State*, 202 Ga. App. 362 (414 SE2d 504) (1991). Since counsel for defendant had asked for this advice to be given when the jury was present, it would not have been a valid ground for mistrial. *Kellar v. State*, 226 Ga. 432 (3) (175 SE2d 654) (1970). That being so, counsel was not constitutionally ineffective for not moving for a mistrial because there was no valid ground for it.

Appellant does *not* contend that counsel's request in the first place constituted ineffectiveness of counsel. So this case differs from *Wynn v. State*, 230 Ga. 202 (196 SE2d 401) (1973), where the trial court on its own "insisted on advising [defendant] in the presence of the jury concerning his right to be sworn as a witness and to make an unsworn statement." Wynn's counsel did not ask for such.

The conclusion must be reached that counsel was not deficient in failing to seek a mistrial. That being so, I agree that it serves no purpose to remand the case for an evidentiary hearing, because the result must be the same. *Lee v. State*, 199 Ga. App. 246, 247 (3) (404 SE2d 598) (1991), in disposing of the first two bases of appellant's claim of ineffective assistance, illustrates that where such a claim is newly raised on appeal by new counsel, it need not always be remanded but may be subject to decision as a matter of law. The same procedural

principle is recognized in *Phillips v. State*, 204 Ga. App. 698, 703 (420 SE2d 316) (1992), where the posture of the case prevented the court from determining, as a matter of law, whether appellant was denied effective assistance. The Supreme Court, in *Smith v. State*, 262 Ga. 480 (422 SE2d 173) (1992), ruled on the merits of the claim without a trial court hearing or decision on the merits.

It should be pointed out that, although counsel on appeal was not appointed until after the motion for new trial was denied, he could have filed an extraordinary motion for new trial raising the ground and had it ruled on by the trial court before bringing it to this court. OCGA § 5-5-41 (b).

DECIDED MARCH 19, 1993.

*Mullis, Marshall, Lindley & Powell, A. G. Knowles*, for appellant.

*Willis B. Sparks III, District Attorney, Howard Z. Simms, Thomas J. Matthews, Assistant District Attorneys*, for appellee.