### A11A1393. WILLIAMS v. THE STATE.
(719 SE2d 501)

BARNES, Presiding Judge.

Frank Lee Williams appeals his convictions for trafficking in cocaine and violation of the Georgia Controlled Substances Act. Williams contends the trial court erred by denying his motion for a new trial because (1) the court admitted impermissible and prejudicial hearsay evidence concerning his earlier involvement in drug activity, (2) the court erroneously overruled defense counsel's objection to improper character evidence, and (3) Williams' defense counsel was ineffective because he failed to renew his motion in limine to exclude improper character evidence concerning Williams' earlier drug activity and counsel failed to impeach a prosecution

witness about his knowledge that the confidential informant was unreliable. Finding no error, we affirm the trial court.

Construed most strongly to support the verdict, the evidence shows that after two unsuccessful attempts, a confidential informant purchased a kilogram of cocaine from Williams. The audio recording of the two unsuccessful attempts to purchase the drug from Williams were played for the jury. At the trial, Williams' accomplices, the confidential informant, and the agent in charge of the operation all testified about the purchase of the cocaine from Williams. An audio recording of the conversations and a video of the events also were played for the jury.

1. Williams contends the court erred by admitting impermissible and prejudicial hearsay evidence concerning his earlier involvement in drug activity. The thrust of the objection is that the trial court should have prevented the prosecution from asking the investigating officer why he targeted Williams. Williams' counsel first made a motion in limine to prevent the prosecutor from questioning the officer why he targeted Williams so that the officer would not respond, as he did in this case, that he was investigating Williams because "I received information that Mr. Williams was involved in drug transactions." As authorized to do, the trial court deferred ruling on the motion in limine, but expressed the view that the prosecutor could question the officer about his reasons for targeting Williams to explain the officer's conduct.

On the second point we must repeat again what our Supreme Court repeated in *Teague v. State*, 252 Ga. 534, 536 (1) (314 SE2d 910) (1984):

> It will be seen that only in rare instances will the "conduct" of an investigating officer need to be "explained," as in practically every case, the motive, intent, or state of mind of such an officer will not be "matters concerning which the truth must be found." At heart, a criminal prosecution is designed to find the truth of what a defendant did, and, on occasion, of why he did it. It is most unusual that a prosecution will properly concern itself with *why* an investigating officer did something. If the hearsay rule is to remain a part of our law, then OCGA § 24-3-2 . . . must be contained within its proper limit. Otherwise, the repetition of the rote words "to explain conduct" can become imprimatur for the admission of rumor, gossip, and speculation.

(Citation and punctuation omitted; emphasis in original.) Most assuredly this is not one of those rare cases in which the investigating officer's motive for targeting Williams needed to be explained.

Therefore, the trial court erred by denying Williams' motion in limine and also erred by overruling Williams' objection on hearsay grounds to the prosecutor's question, "[W]hy did you start this investigation into the defendant?" After Williams' objection was overruled, the officer answered, "I received information that Mr. Williams was involved in drug transactions." Williams then moved for a mistrial, which was also denied.

Although we find that the trial court erred by overruling Williams' objection, we must also consider whether he was harmed by the error. Considering the totality of the evidence against him, i.e., the testimony from his own accomplices and the audio and video tapes of the purchase, we must conclude that it was highly probable that the error did not contribute to the judgment. See *Johnson v. State*, 238 Ga. 59, 60 (230 SE2d 869) (1976); *Palmer v. State*, 186 Ga. App. 892, 897 (369 SE2d 38) (1988).

2. Williams further contends the court erred by overruling his defense counsel's objection to the prosecution's improper character evidence. In this instance, the prosecutor asked the confidential informant what the goal of the investigation was, and the informant answered that the goal was to take down everybody involved in drug dealing. Again, although we find that the question and answer introduced a subject not relevant to any issue in the trial, we also find that given the overwhelming evidence of Williams' guilt, it is highly probable that this error also did not contribute to the judgment. *Johnson v. State*, supra, 238 Ga. at 60; *Palmer v. State*, supra, 186 Ga. App. at 897.

3. Williams contends his defense counsel was ineffective because he failed to renew his motion in limine to exclude improper character evidence concerning Williams' earlier drug activity, and also because his defense counsel failed to impeach a prosecution witness about his knowledge that the confidential informant in this case was later determined to be unreliable. The trial court denied Williams' motion for new trial based upon the ineffectiveness of counsel, finding that "there was overwhelming and cumulative evidence and testimony of [Williams'] guilt proven at trial."

Under our law,

> [t]o prevail on a claim of ineffective assistance, a defendant must show that counsel rendered deficient performance and that actual prejudice resulted. Counsel are strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment, and counsel's performance is evaluated without reference to hindsight. A petitioner has suffered actual prejudice only where there is a reasonable probability

(i.e., a probability sufficient to undermine confidence in the outcome) that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Ineffective assistance claims are mixed questions of law and fact. We accept the [trial] court's findings of fact unless clearly erroneous and independently apply the law to those facts.

(Citation and punctuation omitted.) *Head v. Hill*, 277 Ga. 255, 266 (VI) (587 SE2d 613) (2003). Merely proving deficient performance by counsel, however, is not enough. To prevail, Williams must satisfy both prongs of the *Strickland*[1] test, *Buttram v. State*, 280 Ga. 595, 599 (15) (631 SE2d 642) (2006), but his "burden is to show only 'a reasonable probability' of a different outcome, not that a different outcome would have been certain or even 'more likely than not.' '" (Citation omitted.) *Schofield v. Gulley*, 279 Ga. 413, 416 (I) (A) (614 SE2d 740) (2005).

This court, however, need not address both components of an ineffective assistance of counsel claim if the appellant has made an insufficient showing of one component, and the components need not be addressed in any particular order. *Thompson v. State*, 191 Ga. App. 906 (1) (383 SE2d 339) (1989); *Young v. State*, 191 Ga. App. 651, 653 (2) (382 SE2d 642) (1989). Thus, we need not resolve whether the performance of Williams' trial counsel was deficient within the meaning of *Strickland*, if no reasonable probability exists that the outcome of his case would have been different but for counsel's performance. *Thompson v. State*, supra, 191 Ga. App. at 906. After examining the record and transcript in their totality, we find no reasonable probability exists that the outcome would have been different within the meaning of *Strickland*, *Thompson*, and *Young* if counsel had excluded the comment about Williams' involvement with drugs or had questioned the officer about his decision that the confidential informant was no longer reliable. In light of the overwhelming evidence of guilt, Williams cannot show that had the motion in limine been renewed and the officer questioned about the confidential informant's later unreliability, there was a reasonable probability the outcome of the trial would have been any different. See *Lampley v. State*, 284 Ga. 37, 39 (2) (663 SE2d 184) (2008). The testimony by Williams' accomplices, the confidential informant, and the officer who participated in the sale, in conjunction with the audio and video tapes, overwhelmingly established Williams' guilt. The trial court's findings were not clearly erroneous, and these enumerations of error are without merit.

---

[1] *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

*Judgment affirmed. Adams and Blackwell, JJ., concur.*

DECIDED NOVEMBER 1, 2011 —
RECONSIDERATION DENIED NOVEMBER 18, 2011.

*Steven M. Holmes, Dwight L. Thomas*, for appellant.
*Paul L. Howard, Jr., District Attorney, Elizabeth A. Baker, Assistant District Attorney*, for appellee.