### A02A2193. McFARLIN v. THE STATE.
(578 SE2d 546)

SMITH, Chief Judge.

Jessica Nicole McFarlin, Seneca Terry Darns, and Kimberly Christian Ramsey were indicted by a Bartow County grand jury on two counts of aggravated assault and one count of possession of a firearm during the commission of a crime.[1] The defendants were jointly tried before a jury and each found guilty of one count of aggra-

---

[7] *Skandia Draperies Mfg. Co. v. Augusta Innkeepers*, 157 Ga. App. 279-280 (1) (277 SE2d 282) (1981).
[1] Darns was also charged with theft by taking. His conviction was affirmed in *Darns v. State*, 249 Ga. App. XXXVI (2001).

vated assault; the other two counts were mistried due to the jury's failure to agree upon a verdict. McFarlin's amended motion for new trial was denied, and she appeals. Finding no error, we affirm.

1. McFarlin first asserts the general grounds. Construed in favor of the jury's verdict, the evidence shows that the victim was smoking crack cocaine in a motel room when McFarlin came in and ordered the victim to "get out of here." When the victim failed to obey immediately, McFarlin "hollered" and began "screaming that [the victim] was the police; that I was wired." She also attempted to pull up the victim's shirt to see if she was wearing a recording device. As suddenly as she had entered the room, McFarlin broke off her attack and left the room, returning shortly afterward with a completely changed demeanor. Calling the victim "sweetie," she took her purse and persuaded her to leave the room and enter a vehicle with McFarlin and the other two defendants. They drove down a dirt road in a remote area to an abandoned house, where the victim was attacked and stabbed numerous times about the head and neck. When Darns began shooting at the victim, she fled and managed to escape to a nearby home. The victim positively identified McFarlin in the courtroom. McFarlin herself admitted to the police investigator and in the courtroom that she was in the car but insisted she was an innocent bystander and had no idea that the victim would be attacked.

> An appellate court does not weigh the evidence or determine witness credibility but only determines whether the evidence to convict is sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Conflicting testimony is a matter of credibility for the jury to resolve. As long as some competent evidence exists, even though contradicted, to support each fact necessary to make out the State's case, we will uphold the jury's verdict.

(Citations and punctuation omitted.) *Wheeler v. State*, 236 Ga. App. 197, 198 (1) (511 SE2d 564) (1999). While McFarlin argues that she was merely present at the scene, the jury was instructed on mere presence and parties to a crime and evidence was presented that McFarlin was the individual who first confronted the victim and accused her of being a police informant and then suddenly appeared to befriend her and persuaded her to go from the relative safety of the motel room to the remote location where she was assaulted. "Criminal intent may be inferred from conduct before, during, and after the commission of the crime." (Citation and punctuation omitted.) *Hanifa v. State*, 269 Ga. 797, 809 (8) (505 SE2d 731) (1998). Construed in favor of the jury's verdict, the evidence was sufficient under the standard of *Jackson*, supra.

2. McFarlin next contends that the trial court erred in refusing to allow McFarlin to open and close final arguments as directed by OCGA § 17-8-71. We first note that McFarlin failed to interpose a proper and timely objection and therefore has waived the right to assert this enumeration of error on appeal. *Williams v. State*, 236 Ga. App. 351, 355 (2) (511 SE2d 910) (1999). But even if the objection were properly preserved, McFarlin's contention is without merit because McFarlin's co-defendants cross-examined a witness regarding the contents of hospital records and toxicology reports on the victim, and the witness read portions of the reports into evidence.

> Although neither document was formally admitted into evidence, portions of the contents of both defense exhibits were presented to the jury, that is, they were introduced into evidence. Presenting the documents' contents to the jury was the equivalent of a formal tender of evidence divesting [McFarlin] of the right to open and close final arguments.

(Citations and punctuation omitted.) *Aldridge v. State*, 237 Ga. App. 209, 214 (6) (515 SE2d 397) (1999).[2] "[T]he right of a defendant introducing no evidence at trial to open and close is not absolute. If one defendant offers evidence in the trial of co-defendants, the right to make the closing argument is lost to all defendants, even those introducing no evidence." (Citation and punctuation omitted.) *Williams*, supra at 355 (2).

3. McFarlin next alleges prosecutorial misconduct in the form of improper comments during closing argument. From the incomplete record before us, it appears that the trial court may have been preparing to *sustain* McFarlin's objection to the argument complained of. But the transcript breaks off in the middle of the trial court's comments on the objection and resumes after several pages of exhibits with the charge to the jury.

> [W]here the transcript or record does not fully disclose what transpired at trial, the burden is on the complaining party to have the record completed in the trial court under the provisions of OCGA § 5-6-41 (f). When this is not done, there is nothing for the appellate court to review. Therefore, due to

---

[2] Offering the contents of an exhibit to the jury in this manner will not divest the defendant of the right to open and close if the material offered is limited to impeachment of the witness by prior inconsistent statement. *Lane v. State*, 274 Ga. 751, 752-753 (559 SE2d 455) (2002). Here, McFarlin's co-defendants cross-examined a physician regarding the contents of medical reports on the victim, not to impeach the physician but to present evidence regarding the victim's intoxication and emotional state at the time of the incident.

the omission of closing arguments from the transcript, we cannot review this enumeration of error.

(Punctuation and footnote omitted.) *Carswell v. State*, 251 Ga. App. 733, 736 (3) (555 SE2d 124) (2001). Nothing in the record contains the trial court's actual ruling, and the record does not reveal that McFarlin thereafter moved for a curative instruction, for mistrial, or to strike the offending argument. "It is well settled that a sustained objection to improper argument of counsel cannot serve as the basis for reversal unless it is contemporaneous with a denied motion for mistrial, denied request to strike or denied request for curative instructions." (Citations and punctuation omitted.) *Prince v. State*, 257 Ga. 84, 88 (6) (355 SE2d 424) (1987). If McFarlin wished to assert this matter on appeal, she was required to provide a supplemental or corrected record on appeal in accordance with OCGA § 5-6-41 (f).

4. Finally, McFarlin asserts that her trial counsel was ineffective. To prevail on a claim of ineffective assistance of counsel, it must be shown both that counsel's performance was deficient and that but for this deficiency, the outcome of the trial would have been different. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). Failure to satisfy either prong of the *Strickland* standard is fatal to an ineffective assistance claim. *Brewer v. State*, 224 Ga. App. 656, 657-658 (2) (481 SE2d 608) (1997). "The trial court's determination with respect to effective assistance of counsel will be affirmed unless the trial court's findings are clearly erroneous. [Cit.]" *Chapman v. State*, 273 Ga. 348, 350 (2) (541 SE2d 634) (2001).

McFarlin contends that trial counsel was ineffective because she failed to prepare adequately for trial, investigate the case, or communicate with McFarlin and as a result "prejudiced the Appellant's case by failing to make a motion to the Trial Court to sever the Appellant's trial from the other defendants." We first note that the ground of failing to file a motion to sever was not raised below, and trial counsel was never questioned regarding a motion to sever.

In the absence of testimony to the contrary, counsel's actions are presumed strategic. Further, the trial court did not rule on this issue in the context of the ineffective assistance of counsel claim. Absent a ruling by the trial court on this issue, there is nothing for this Court to review. Because this allegation of ineffectiveness raised by [McFarlin] on appeal differs from those raised before the trial court, this ground is deemed waived.

(Citations and punctuation omitted.) *Banks v. State*, 244 Ga. App. 191, 193 (1) (d) (535 SE2d 22) (2000).

Trial counsel was questioned extensively about her preparation for trial. She testified that she spoke to McFarlin "three, potentially four, times prior to trial and then spoke extensively to her during the trial." She testified that, since McFarlin had already given a 21-page statement to a police investigator acknowledging her presence on the scene although denying her participation, counsel's plan was to continue with that defense.[3] Counsel testified that "I relied on her testimony, I believed her story, and I wholeheartedly believed that a jury would believe her too." Failure to file a motion to suppress is not ineffective assistance of counsel per se, and McFarlin has failed to make the required "strong showing" that the evidence would have been suppressed had her trial counsel filed a motion. *Roberts v. State*, 263 Ga. 807, 809 (2) (e) (439 SE2d 911) (1994). Trial counsel testified that she considered filing a motion to suppress, but after finding a *Miranda* form in the file and speaking with McFarlin, she concluded that McFarlin had received her *Miranda* warnings and had made a voluntary statement after knowing her rights. She therefore did not file a motion to suppress.

Trial counsel recalled that she reviewed the State's file before the preliminary hearing, twice prior to trial, and possibly during trial as well. She also conferred with the co-defendants' attorneys, as was her custom, "in order to properly prepare for trial." With respect to McFarlin's contention that trial counsel failed to obtain witnesses who could have assisted her defense, trial counsel testified that she did not "recall getting the names of anyone that we could have actually located" because McFarlin was living in a motel and all her acquaintances and neighbors were "pretty transient." McFarlin acknowledged that she was out on bond but did not attempt to locate the witnesses or tell her counsel about them because they had appeared at the preliminary hearing, and she "assumed they would be" at the trial. With respect to character witnesses, trial counsel testified that she made a strategic decision not to call them because she knew "where she was living at the time . . . and . . . who she was hanging out with at the time, so I did not feel that trying to bring character witnesses in to trial would have been in her best interest." Moreover, "[w]here the missing witness does not testify at the motion for new trial hearing, no evidence supports the claim that the witness was crucial to the defense or that the witness could have been located." (Footnote omitted.) *Baker v. State*, 251 Ga. App. 377, 380 (2) (554 SE2d 324) (2001). Thus, even if we assume that trial counsel

---

[3] When McFarlin was called to the stand, she agreed with this description of her defense.

should have taken additional steps to locate and interview witnesses, McFarlin has failed to show prejudice to her defense. Id.

"Decisions regarding which witnesses to call and all other trial strategies are the exclusive province of the attorney after consultation with his client. Here, trial counsel's decisions were strategic in nature and were not the result of inadequate preparation." (Citation omitted.) *Parrish v. State*, 237 Ga. App. 274, 284 (10) (514 SE2d 458) (1999). The trial court's decision to deny McFarlin's ineffective assistance of counsel claim is not clearly erroneous, and we therefore must affirm.

*Judgment affirmed. Eldridge and Ellington, JJ., concur.*

DECIDED FEBRUARY 25, 2003.

*Donald C. Evans, Jr., James E. Goad*, for appellant.

*T. Joseph Campbell, District Attorney, Mickey R. Thacker, Assistant District Attorney*, for appellee.