A04A0097. OGDEN v. THE STATE.
(597 SE2d 491)

RUFFIN, Presiding Judge.

A jury found Larry Joseph Ogden guilty of robbery by intimidation. Ogden appeals, challenging the sufficiency of the evidence. He also asserts that he received ineffective assistance of counsel at trial. For reasons that follow, we affirm.

1. "On appeal [from] a criminal conviction, the defendant no longer enjoys the presumption of innocence, and we view the evidence in the light most favorable to the verdict to determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty beyond a reasonable doubt."[1] Construed in this manner, the evidence shows that, on December 15, 1998, Dana Smith and his wife went Christmas shopping. As they placed packages into their car in the shopping center's parking lot, Ogden approached Smith and asked whether he had any money. Smith responded that he "didn't have any." Ogden then stated that "he wasn't begging," and he displayed a knife to Smith.

Although the knife was not open, it had a quick-release button. Smith, who was one to two feet from Ogden, testified that he "was scared" for himself and his wife and that his "heart jumped into [his] throat" when he saw the knife. Smith gave Ogden a $10 bill which was all of the money in his pocket, and Ogden left.

Smith immediately called the police on his cell phone and provided a description of his assailant. A short time later, Officer John Church spotted Ogden speaking to a woman in the same parking lot. Noting that Ogden fit Smith's description of the robber, Church patted him down for safety purposes and discovered a knife in his

---

[1] *Smith v. State*, 247 Ga. App. 173 (543 SE2d 434) (2000).

pocket. Upon inquiry from Church, Ogden admitted that the knife belonged to him. Church also asked whether Ogden had taken the knife from his pocket in the parking lot, and Ogden responded that he had not.

Before leaving the scene, Smith identified Ogden as the man who had robbed him. Church arrested Ogden, searched him more thoroughly, and found a $10 bill on his person. Church did not read Ogden his rights under *Miranda v. Arizona*.[2] While in the back of Church's police car, Ogden volunteered that the incident was a misunderstanding and that he was trying to sell Smith the knife.

Ogden testified and denied that he threatened or robbed Smith. According to Ogden, he simply asked Smith whether he wanted to buy a knife, and Smith misunderstood his intentions. Smith, however, testified that Ogden never offered to sell the knife to him. The jury apparently did not believe Ogden's testimony and found him guilty of robbery.

On appeal, Ogden argues that the State presented insufficient evidence to support his conviction. We disagree. A person commits robbery by intimidation "when, with intent to commit theft, he takes property of another from the person or the immediate presence of another [b]y intimidation, by the use of threat or coercion, or by placing such person in fear of immediate serious bodily injury to himself or to another."[3] This offense "requires proof that the theft was attended with such circumstances of terror — such threatening by word or gesture, as in common experience, are likely to create an apprehension of danger, and induce a person to part with his property for the safety of his person."[4]

Ogden demanded money from Smith while displaying a knife that, although closed, had a quick-release button. Fearing for the safety of himself and his wife, Smith gave Ogden $10. This evidence was sufficient to support Ogden's conviction for robbery by intimidation.[5]

2. Ogden also alleges that he received ineffective assistance of counsel at trial. To prevail on this claim, Ogden must show "both that counsel's performance was deficient and that but for this deficiency, the outcome of the trial would have been different."[6] Ogden cannot make this showing here.

(a) Ogden first argues that his counsel was ineffective in failing to move to suppress his statements to police. On appeal, he focuses on

---

[2] 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966).

[3] OCGA § 16-8-40 (a) (2).

[4] (Punctuation omitted.) *Smith*, supra at 174.

[5] See id.; see also *Hewitt v. State*, 277 Ga. 327, 329-330 (1) (b) (588 SE2d 722) (2003).

[6] *McFarlin v. State*, 259 Ga. App. 838, 841 (4) (578 SE2d 546) (2003).

his initial, pre-arrest statements in response to Officer Church's inquiries regarding ownership of the knife and whether he had taken the knife out of his pocket in the parking lot. The record shows, however, that these statements did not form the basis of his ineffective assistance claim below. Instead, Ogden argued in the trial court that defense counsel should have moved to exclude the post-arrest statements he made in the back of Church's police car.

Ogden did not assert below that counsel should have moved to suppress his pre-arrest responses to Church's inquiries, and he did not question counsel regarding such statements at the hearing on his motion for new trial. Under these circumstances, his ineffective assistance claim relating to the pre-arrest statements fails. As we have noted,

> [i]n the absence of testimony to the contrary, counsel's actions are presumed strategic. Further, the trial court did not rule on this issue in the context of the ineffective assistance of counsel claim. Absent a ruling by the trial court on this issue, there is nothing for this Court to review. Because this allegation of ineffectiveness raised by [Ogden] on appeal differs from those raised before the trial court, this ground is deemed waived.[7]

Moreover, to the extent Ogden claims on appeal that counsel deficiently failed to seek suppression of the post-arrest statement made in the police car, his claim lacks merit. Defense counsel testified at the new trial hearing that he considered this statement, in which Ogden asserted that the incident was a misunderstanding and that he simply wanted to sell the knife, to be exculpatory. According to defense counsel, the statement corresponded to Ogden's defense at trial. Consequently, counsel decided as part of his trial strategy that its admission would be helpful to the defense. Counsel's tactical decision to use this statement at trial does not amount to ineffective assistance of counsel.[8]

(b) Ogden also argues that counsel was deficient in failing to move to suppress the knife Officer Church found in Ogden's pocket when Church first frisked him. Defense counsel testified at the new trial hearing that he saw no basis for moving to exclude the knife and that its introduction supported his defense strategy at trial. Ogden has made no effort to show that counsel's strategy was unreasonable

---

[7] Id.

[8] See *Carter v. State*, 265 Ga. App. 44, 48-49 (4) (a) (593 SE2d 69) (2004).

or that a motion to suppress the knife would have been successful.[9] Accordingly, Ogden has not demonstrated that he received ineffective assistance of counsel.[10]

*Judgment affirmed. Eldridge and Adams, JJ., concur.*

DECIDED MARCH 19, 2004.

*Richard O. Allen*, for appellant.
*Patrick H. Head, District Attorney, Dana J. Norman, Assistant District Attorney*, for appellee.

---

[9] See *Shorter v. State*, 239 Ga. App. 625, 626 (1) (521 SE2d 684) (1999) ("Even if a deficiency did result from trial counsel's failure to file a motion to suppress, [the defendant's] burden is to make a strong showing that if trial counsel had made a motion to suppress, the damaging evidence would have been suppressed.") (punctuation omitted); see also *Richardson v. State*, 239 Ga. App. 345, 346 (521 SE2d 239) (1999) ("A reasonable search for weapons for the protection of the police officer is permitted where he has reason to believe that he is dealing with an armed and dangerous individual, regardless of whether he has probable cause to arrest the individual for a crime.") (punctuation omitted).

[10] See *Carter*, supra; *Shorter*, supra.