A06A2461. CHAMBERS v. THE STATE.
(643 SE2d 871)

BARNES, Chief Judge.

Following a jury trial, Percy Chambers was convicted of one count of burglary and was sentenced as a recidivist to twenty years, with eight to serve. Following the denial of his new trial motion, he appeals contending that the trial court erred in denying his motion for a directed verdict, and that his trial counsel was ineffective. Upon our review, we affirm.

On appeal, we view the evidence

> in the light most favorable to the verdict and the appellant no longer enjoys the presumption of innocence; moreover, on appeal this court determines evidence sufficiency and does not weigh the evidence or determine witness credibility.

(Citation and punctuation omitted.) *Williams v. State,* 217 Ga. App. 636, 638 (3) (458 SE2d 671) (1995).

So viewed, the evidence shows that on March 3, 2002, the owner of several homes that were being constructed on Lakeside Drive arrived at the site and found a U-Haul truck backed up to the garage of one of the newly constructed homes. There were three newly constructed homes built next to each other — 5510, 5520 and 5530 Lakeside Drive. Upon investigation, the owner discovered Chambers inside the home located at 5530 Lakeside. Chambers told the owner that he was there working on the home at the owner's request. The owner knew that Chambers was lying, so he engaged Chambers in

conversation while his wife telephoned the police. When police arrived, they arrested Chambers, and it was later discovered that the U-Haul was stolen. The rear door of the house had been kicked in, and a dishwasher had been dislodged and dragged across the floor.

Similar transaction evidence was admitted that in October 1995, Chambers was found leaving the basement of a vacant house carrying an air conditioner and copper tubing. The rear door was kicked in, but he told police that he had gone into the house to use the restroom. Evidence was also admitted that in February 2003, Chambers was a passenger in a truck that police stopped that was loaded with appliances, one of which was stolen from a new construction site.

1. In his first enumeration of error, Chambers argues that the trial court erred in denying his directed verdict motion because the indictment alleged that the burglary was committed at 5530 Dixie Lake, and the facts show that the burglary occurred at 5530 Lakeside. The State argues that this variance was not fatal, and we agree.

The right to be tried upon an indictment that is perfect in form and in substance is waived when a defendant fails to timely and properly challenge the indictment. *McKay v. State*, 234 Ga. App. 556, 558 (2) (507 SE2d 484) (1998).

> We no longer adhere to an overly technical application of the fatal variance rule, focusing instead on materiality. The true inquiry, therefore, is not whether there has been a variance in proof, but whether there has been such a variance as to affect the substantial rights of the accused. It is the underlying reasons for the rule which must be served: 1) the allegations must definitely inform the accused as to the charges against him as to enable him to present his defense and not to be taken by surprise, and 2) the allegations must be adequate to protect the accused against another prosecution for the same offense. Only if the allegations fail to meet these tests is the variance "fatal."

(Citations omitted.) *Flanagan v. State*, 265 Ga. App. 122, 125 (2) (592 SE2d 894) (2004). See *Edward v. State*, 261 Ga. App. 57, 59 (2) (581 SE2d 691) (2003) (a variance was not fatal where the indictment charged the correct address of the burglary but may have misidentified the house's owner).

Here, the indictment alleged that Chambers "did unlawfully, without authority, enter into the building located at 5530 Dixie Lake Drive, property of Regal Ezuruike, with intent to commit a theft within." The evidence at trial established that there was no such address in Fulton County, that the address where the crime was

allegedly committed was actually 5530 Lakeside Drive, a new construction site upon which the victim was constructing three homes — 5510 Lakeside Drive, 5520 Lakeside Drive and 5530 Lakeside Drive. Chambers argued that his defense was prejudiced because he had mounted a defense predicated on his investigation of the 5520 address based on a conversation with the victim, rather than the 5530 address alleged in the indictment.

Chambers' attorney apparently talked with the victim and knew that there was a defect on the address before the trial. It was also apparent that he mounted a defense against the burglary at that residence. As the trial court noted, Chambers was arrested at the scene of the burglary, and his actions in court demonstrated that he was fully aware of the location of the home he was accused of burglarizing.

"The variance between the indictment and the proof did not misinform or mislead [Chambers] in any manner that surprised him at trial or impaired his defense. Nor can he be subjected to another prosecution for the same offense." (Citation omitted.) *Brown v. State,* 250 Ga. App. 147, 149 (2) (550 SE2d 701) (2001).

Chambers' reliance on *Charles v. State,* 167 Ga. App. 806 (307 SE2d 703) (1983) is misplaced. In that burglary case, the victim, a business, owned five warehouses in the county. The indictment alleged that a warehouse at a specific address was burglarized, but the proof at trial showed that the crime actually occurred at another of the victim's warehouses at a different address. We held that failure to grant a directed verdict of not guilty was error, holding that our laws require "specification in a burglary indictment of the particular business structure burglarized when that business operates from two or more locations in the county." (Citations omitted.) Id. at 807. We are not persuaded by Chambers' argument that *Charles* applies because the "victim was a developer who owned three houses in the same county"; particularly given the fact that the houses were next to each other on the same street in the same subdivision.

Thus, under the particular facts of this case there was no fatal variance between the allegations and the proof, and the trial court properly denied Chambers' motion for a directed verdict on this ground.

2. Chambers also contends that trial counsel was ineffective by failing to communicate with him and counsel with him on trial strategy. He maintains that trial counsel met with him only once for 15 minutes, and that he had not mentioned any potential plea offers to Chambers nor received information about a potential witness who could corroborate Chambers' alibi.

> In order to prevail on a claim of ineffective assistance of counsel, [Chambers] must show that counsel's performance was deficient and that the deficient performance so prejudiced the client that there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different. *Strickland v. Washington,* 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). The criminal defendant must overcome the strong presumption that trial counsel's conduct falls within the broad range of reasonable professional conduct.

(Citations omitted.) *Robinson v. State,* 277 Ga. 75, 75-76 (586 SE2d 313) (2003). "Decisions about which witnesses to call are a matter of trial strategy, and tactical errors do not amount to ineffective assistance of counsel." (Footnote omitted.) *Weathersby v. State,* 263 Ga. App. 341, 347 (6) (f) (587 SE2d 836) (2003). Moreover, a reviewing court need not address both components of an ineffective assistance of counsel claim if the appellant makes an insufficient showing of one, and the components need not be addressed in any particular order. *Thompson v. State,* 191 Ga. App. 906 (1) (383 SE2d 339) (1989). Thus, pretermitting whether the performance of Chambers' trial defense counsel was deficient within the meaning of *Strickland,* the question remains whether a reasonable probability exists that the outcome of his case would have been different but for counsel's performance. *Young v. State,* 191 Ga. App. 651, 653 (2) (382 SE2d 642) (1989).

After examining the record and transcript in their totality and measuring the strength of the evidence against Chambers' allegations of ineffectiveness, we find no reasonable probability exists, nor does Chambers offer any, that the outcome of the trial would have been different absent counsel's alleged deficient performance.

Chambers contends that "the failure to communicate a plea bargain was prejudicial" given that he was sentenced as a recidivist, yet he presents no evidence that a plea bargain was ever offered. Chambers' counsel testified at the hearing, but he was not asked this question. Chambers also argues that as a result of counsel's failure to communicate with him, he was not prepared when he took the witness stand and he could not rebut the similar transaction testimony. Trial counsel testified at the motion for new trial hearing that he had enough time to prepare, that he consulted with Chambers before trial, that Chambers was cooperative and helpful, and that he had followed up on the contact information provided by Chambers. Chambers testified that he only met with his trial counsel once for 15 minutes and that counsel had not discussed trial tactics with him.

To the extent that Chambers' testimony contradicted his trial counsel, "it is the function of the trial court at the hearing on the

motion for new trial to determine witness credibility and to resolve any conflicts in the testimony." (Citation omitted.) *Mobley v. State*, 264 Ga. 854, 856 (2) (452 SE2d 500) (1995).

Accordingly, we are satisfied that Chambers has not met his burden under *Strickland v. Washington*, supra, 466 U. S. 668, of showing that his counsel's performance was deficient or that this deficient performance prejudiced his defense.

*Judgment affirmed. Andrews, P. J., and Bernes, J., concur.*

DECIDED MARCH 21, 2007.

*Brandon Lewis*, for appellant.

*Paul L. Howard, Jr., District Attorney, Elizabeth A. Baker, Assistant District Attorney*, for appellee.

