S09A1181. NICHOLS v. THE STATE.

(683 SE2d 610)

CARLEY, Presiding Justice.

On June 6, 2005, James Lynn Nichols, who was a truck driver, shot Rodwell Jones, Jr., several times following an altercation between the two men at a gas station. The victim died from the gunshot wounds he sustained. After a jury trial in March 2006, at which Nichols claimed that he acted in self-defense, he was convicted of malice murder and sentenced to life imprisonment. This Court reversed the conviction due to evidentiary error. *Nichols v. State*, 282 Ga. 401 (651 SE2d 15) (2007). Following retrial in April 2008, a jury found Nichols guilty of malice murder, felony murder, and aggravated assault. Treating the felony murder verdict as surplusage and merging the aggravated assault count into the malice murder, the trial court entered judgment of conviction on the malice murder verdict and again imposed a sentence of life imprisonment. Following an evidentiary hearing, a motion for new trial was denied, and Nichols appeals.*

1. The evidence at retrial was sufficient for a rational trier of fact to reject Nichols' claim of self-defense and to find him guilty of malice murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Nichols v. State*, supra at 402 (1).

2. Nichols contends that his counsel at trial was ineffective in

---

* The procedural history of this case preceding our first decision is found in *Nichols v. State*, supra at 402, fn. 1. The remittitur was transmitted to the trial court on October 10, 2007 and filed there on October 17, 2007. At the retrial, the jury found Nichols guilty on April 10, 2008, and the trial court entered judgment on April 15, 2008. The motion for new trial was filed on April 22, 2008 and denied on February 6, 2009. Nichols filed the notice of appeal on February 17, 2009. The case was docketed in this Court on April 7, 2009, and submitted for decision on the briefs.

two respects. To prevail on a claim of ineffective assistance of trial counsel pursuant to *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), a defendant

> "must show counsel's performance was deficient and that the deficient performance prejudiced him to the point that a reasonable probability exists that, but for counsel's errors, the outcome of the trial would have been different. A strong presumption exists that counsel's conduct falls within the broad range of professional conduct." [Cit.]

*Sanders v. State*, 283 Ga. 372, 374 (2) (659 SE2d 376) (2008). " ' "On appeal, this Court accepts the trial court's findings of fact, unless they are clearly erroneous. However, the trial court's legal conclusions are reviewed de novo. (Cit.)" (Cit.)' [Cit.]" *Timmreck v. State*, 285 Ga. 39, 42 (3) (673 SE2d 198) (2009).

(a) Trial counsel tendered into evidence Nichols' truck driver's logs from the days following the shooting and questioned him concerning his whereabouts during that time. On cross-examination, the State asked Nichols about his driver's logs from the day of the shooting and the day before the shooting. The information in the driver's logs for that earlier time period contradicted prior testimony from Nichols concerning his whereabouts on those days. The prosecutor used this contradiction to impeach Nichols. At the hearing on the motion for new trial, Nichols contended that his trial attorney rendered ineffective assistance when he opened the door to significant impeachment by tendering the later truck driver's logs even though he knew that the State possessed another set of logs. On appeal, however, Nichols abandons this contention, and instead urges that counsel failed to investigate the case adequately, causing him to be ignorant of the other set of logs and to question Nichols in a manner which opened the door to prejudicial cross-examination.

The trial court did not rule on the issue which Nichols raises on appeal. In the absence of any " 'ruling by the trial court on this issue, there is nothing for this Court to review. Because this allegation of ineffectiveness raised by [Nichols] on appeal differs from [that] raised before the trial court, this ground is deemed waived.' [Cit.]" *Ogden v. State*, 266 Ga. App. 399, 401 (2) (a) (597 SE2d 491) (2004). See also *Lynch v. State*, 280 Ga. 887, 890 (3) (635 SE2d 140) (2006) (contention on appeal that trial counsel was ineffective for not investigating the case was waived because it was not raised on motion for new trial); *Moore v. State*, 283 Ga. App. 533, 536 (1), fn. 3 (642 SE2d 163) (2007) (claim of ineffectiveness for opening door to hearsay waived when only claim on motion for new trial was failure to object to hearsay as violating the right of confrontation).

Moreover, trial counsel did not testify at the hearing on the motion for new trial. The decision concerning what evidence to present or forego in defending a client charged with a crime is a matter of trial strategy. *Sanders v. State*, supra at 374 (2) (a). Without trial counsel's testimony, there is no evidence in the record as to why he tendered the driver's logs or why he elicited the testimony of Nichols which was later impeached. Thus, Nichols failed to make the necessary " 'affirmative showing that the purported deficiencies in his trial counsel's representation were indicative of ineffectiveness and were not examples of conscious and deliberate trial strategy[.]' " *Sanders v. State*, supra. See also *Morgan v. State*, 275 Ga. 222, 227 (10) (564 SE2d 192) (2002).

With regard to the claim which was raised on motion for new trial, we further note that the trial court correctly found that the driver's logs tendered by the prosecutor related to a wholly different period of time than the logs which had been offered into evidence by defense counsel. Thus, the logs introduced on behalf of the defense did not result in the impeachment about which Nichols complained and could not show a reasonable probability that the outcome of the trial would have been different if Nichols' attorney had not introduced any driver's logs. See *Price v. State*, 280 Ga. 193, 198 (5) (a) (625 SE2d 397) (2006), disapproved on other grounds, *Patel v. State*, 282 Ga. 412, 413 (2), fn. 2 (651 SE2d 55) (2007).

(b) Nichols further contends that he was denied effective assistance when trial counsel failed to communicate Nichols' decision to accept a plea offer even though he informed counsel of that decision during voir dire. However, there is not any evidence that the plea offer remained open after the trial had begun and while the jury was being questioned. See *Sparks v. State*, 232 Ga. App. 179, 183 (3) (c) (501 SE2d 562) (1998). Furthermore, there is no testimony either that defense counsel heard and understood Nichols' acceptance of the plea offer or that counsel thereafter ignored that communication by failing to solicit the same plea bargain from the prosecutor. Even if trial counsel did make such a solicitation, there is no evidence that the prosecutor did not properly reject it because trial had begun. See *Chambers v. State*, 284 Ga. App. 400, 403 (2) (643 SE2d 871) (2007) ("no evidence that a plea bargain was ever offered").

Accordingly, the trial court correctly concluded that Nichols "failed to overcome the strong presumption that [his trial] attorney['s] . . . conduct fell within the wide range of reasonable professional assistance and, thus, . . . failed to meet his burden to demonstrate ineffective assistance of counsel."

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 28, 2009.

*Carl P. Greenberg*, for appellant.

*Gwendolyn Keyes Fleming, District Attorney, Leonora Grant, Assistant District Attorney, Thurbert E. Baker, Attorney General, Jason C. Fisher, Assistant Attorney General*, for appellee.