# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned on Briefs May 1, 2012

## BRITTANY SCOTT PYE v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Maury County**
**No. 17640      Stella Hargrove, Judge**

---

**No. M2011-01633-CCA-R3-PC - Filed December 28, 2012**

---

D. KELLY THOMAS, JR., J., concurring in part and dissenting in part.

I respectfully disagree with the majority's conclusion that trial counsel's actions regarding the Petitioner's acceptance of the plea agreement did not amount to ineffective assistance of counsel. With respect to the Petitioner's remaining issue, I concur with the majority's decision.

As a general rule, "defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." Missouri v. Frye, --- U.S. ---, 132 S. Ct. 1399, 1408 (2012). By allowing a plea agreement offer "to expire without advising the defendant or allowing him to consider it," defense counsel renders constitutionally ineffective assistance to the defendant. Id. The converse had also been held to be true, "that defense counsel does have a duty to communicate an accepted plea to the State in a timely manner, i.e., before the plea offer expires." Randle v. State, 847 S.W.2d 576, 580 (Tex. Crim. App. 1993); see also United States v. Gonzalez-Vazquez, 219 F.3d 37, 41-42 (1st Cir. 2000) (finding that the defendant likely had a claim for ineffective assistance of counsel where his defense counsel failed to accept a plea offer as instructed, allowing the offer to lapse); cf. Nichols v. State, 683 S.E.2d 610, 613 (Ga. 2009) (concluding that defense counsel was not ineffective in failing to communicate the defendant's decision to accept a plea agreement where defendant did not make decision until after the offer had lapsed). To hold otherwise would mean that defense counsel's duty to communicate plea offers to the defendant "would have no point if the duty to communicate the acceptance of the plea offer to the State is not also in place." Id. I see no reason why this rule would not also apply to situations like this one, where acceptance of the plea agreement was predicated upon presenting it to the trial court in a timely fashion.

It was established at the post-conviction hearing that it was well known among the Maury County defense bar that the trial court would not accept a guilty plea agreement once a case had been "set" for trial.[1] In December 2008, the State offered the Petitioner a twelve-year sentence to run concurrent with a ten-year sentence the Petitioner was serving at that time. Trial counsel testified that the plea agreement would have resulted in the Petitioner only serving "about seven or eight months" on this conviction. The Petitioner thought a key witness for the State might not appear and consequently rejected the deal. Trial counsel was, however, able to convince the State to keep the offer open. Trial counsel drove a significant distance to meet with the Petitioner in prison and present the plea offer to him again a week before trial in January 2009. Trial counsel testified that he repeatedly stressed to the Petitioner that time was of the essence if he wanted to accept the State's offer. It is in dispute whether the Petitioner called trial counsel that day or the next day to inform trial counsel of his desire to accept the State's offer. Regardless, trial counsel contacted the trial court's chambers on Friday morning, five days before the scheduled trial. However, trial counsel received no response from the trial court and made no further effort to contact the trial court that day. Trial counsel testified that the trial judge was in court on Friday and out of her office. Due to a holiday, the next available day trial counsel could speak with the trial court was the day before the scheduled trial. At that point, the trial court rejected the plea agreement and stated that the trial would continue as scheduled.

Trial counsel was well aware that as the trial date approached it became more likely that the trial court would reject the plea agreement. Trial counsel had aggressively made this point to the Petitioner just a day or two before his phone call to the trial court's chamber. Trial counsel was also aware that the plea agreement would result in a significantly shorter sentence than the Petitioner faced at trial.[2] The fact that trial counsel knew this and had worked so hard to keep the State's offer open makes his actions the Friday before trial all the more puzzling. I do not believe that it would have been difficult or burdensome for trial counsel to locate the trial judge that Friday and personally present the plea agreement to her. Contrary to the majority's opinion, I do not believe that requiring trial counsel to do more than merely leave a message with the trial court's staff would "discourage the zealous pursuit of plea negotiations." The facts of this case are unique and the time frame and pressures placed upon trial counsel required that counsel take additional steps to adequately protect his client's interests. To hold that trial counsel's performance was not deficient for failing to

---

[1]The January 2009 trial date in this case was set in the summer of 2008. However, it was assumed by everyone at the post-conviction hearing that the trial court would have accepted a plea agreement in December 2008.

[2]Instead of serving this sentence concurrent to his ten-year sentence for an effective "seven or eight month" sentence, the Petitioner received a fifteen-year sentence to be served consecutively to the ten-year sentence.

timely notify the trial court under such circumstances would be akin to holding that trial counsel does not have a duty to communicate acceptance of a plea offer to the State before the offer expires. As previously stated, such a holding would negate trial counsel's duty to timely communicate plea offers to the defendant. Accordingly, I would conclude that trial counsel rendered deficient performance to the Petitioner with respect to his acceptance of the State's offer.

However, the conclusion that trial counsel's actions amounted to deficient performance does not end the analysis. The Petitioner is also required to show that prejudice resulted from trial counsel's deficient performance. To do so, the Petitioner "must demonstrate a reasonable probability [he] would have accepted the earlier plea offer had [he] been afforded effective assistance of counsel." Frye, 132 S. Ct. at 1409. Based upon the record before this court, there is no doubt that the Petitioner would have accepted the State's offer. The Petitioner "must also demonstrate a reasonable probability the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it." Id. It is also necessary that the Petitioner "show a reasonable probability that the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time." Id. A "reasonable probability" in this context means a probability sufficient to undermine confidence in the outcome that, but for counsel's unprofessional errors, the results of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 694 (1984).

It is not disputed that the Petitioner would have received a sentence of substantially less prison time had he been able to enter into the plea agreement. Again, trial counsel estimated that the Petitioner would only serve "seven or eight months" for this conviction if he had accepted the plea agreement. The Petitioner received a fifteen-year sentence he will not begin to serve until he completes the ten-year sentence he is currently serving. I disagree with the majority's assessment that "the Petitioner's failure to commit was communicated to the prosecutor and served as a rejection of their offer." Trial counsel testified that he contacted the prosecutor one week before the trial to say that he "still didn't have an answer." There is nothing in the appellate record to suggest that this comment "served as a rejection" of the plea offer. Nor is there anything in the record to suggest that the State would have withdrawn the offer before the entry of the plea. In fact, all of the evidence in the record before us suggests that the State was prepared to accept the plea agreement. With respect to whether the trial court would have refused to accept the plea agreement absent trial counsel's ineffective assistance, trial counsel testified that he believed there was a "chance" that the trial court would have accepted the plea agreement a week before the scheduled trial. I can think of no reason why a trial court would refuse to accept a plea agreement to an offense as serious as this one five days before the scheduled trial. I believe that the Petitioner has established prejudice by demonstrating that but for trial counsel's ineffective assistance there

is a reasonable probability that the Petitioner would have entered a guilty plea with an agreed twelve-year sentence to be served concurrent ot his existing ten-year sentence.  As such, I would vacate the Petitioner's conviction and order the State to re-offer the plea agreement to the Petitioner.

_____
D. KELLY THOMAS, JR., JUDGE